### HARRIS AND ANOTHER *v.* BELDEN AND ANOTHER.

#### *Amendment.*

After a referee's report was filed, but before judgment thereon, the court allowed plaintiffs to amend by raising the *ad damnum*. *Held*, that the court had power to allow the amendment.

GENERAL ASSUMPSIT. Plea, the general issue. The case was referred, and after report filed, whereby more than $1900 was found due plaintiffs, the court, BARRETT, J., presiding, allowed plaintiffs to raise the *ad damnum* from $1500 to $2500 ; to which defendants excepted. Judgment for plaintiffs on report.

*S. T. Davenport*, for defendants.

*O. E. Butterfield*, for plaintiffs.

The opinion of the court was delivered by

WHEELER, J. When a cause is referred by consent of parties, as this cause was, the whole case, including all that any amendment the court could allow would embrace, is referred to the referee, and the judgment is to be entered on his report, whether the amendments, if any are needed, are actually made or not. This is too well settled to require any reference to particular cases. They are scattered all along in the reports. So when this case was referred, it was referred to be tried as if any amendment that was necessary to cover the plaintiffs' cause of action and that the court could then allow to be made, had then been made ; and when the report came in, judgment was to be rendered upon it as if they had been made before the reference. The *ad damnum* is a part of the declaration, and is a part necessary to the description of every cause of action sounding in damages, and being so necessary to every such cause of action, a change in the amount of it never changes any cause of action. In this view, the amendment made did not affect the rights of the defendant at all, for the same judg-

ment could have been rendered on the report without the amendment as with.

But if the amendment was necessary to the proper rendering of the judgment that was rendered, it was clearly within the power of the court to allow it to be made. At any stage of the proceedings while the cause is pending before the court for judgment, the court can, in the exercise of its sound discretion, and as well after verdict or report of referees as before, allow any amendment of the nature of that allowed in this case that could properly be allowed at any other stage. The propriety of making them in each particular case, and the rights of the parties to be affected by them if made, all safely repose in the discretion of the court. Most of the considerations urged here would have been very properly addressed to the court when the motion for the amendment was pending, and probably were so urged, and received due consideration, but were then overborne by other considerations.

Judgment affirmed.