John F. Sprague *vs.* William L. Sampson.

Piscataquis.    Opinion July 12, 1921.

*Exceptions to the direction or omission of a presiding Justice must be noted before the*
*jury retires.    Exceptions lie only to some ruling by the presiding Justice.    Re-*
*marks by counsel in addressing the jury are not themselves subject of excep-*
*tions, but if prejudicial should be taken advantage of by motion for new*
*trial.    Evidence of the effect of an alleged private nuisance on*
*adjoining property as bearing on reasonable use, is*
*admissible.    Exceptions lie to the admission of*
*a conclusion based on hearsay, if bearing on*
*a material fact, being as objectionable*
*as hearsay itself.*

In an action for maintaining a private nuisance caused by noise and dust from a
surfacing machine operated by a compressor in finishing granite bases for
monuments, exceptions were presented by the plaintiff; (1) to the admission of
evidence as to the effect or absence of any effect from noise and dust upon
adjoining property and occupants other than that of plaintiff; (2) to the admis-
sion of a statement by the defendant in reply to a question whether he had
investigated to determine whether there was any device on the market for
lessening the noise and dust from such machines, that he had learned there was
nothing; (3) to certain remarks of counsel for the defendant in his argument
before the jury; (4) to certain instructions to the jury in response to an inquiry
by one of the jurymen.

Exceptions to the direction or omission of a presiding Justice must be noted before
the jury retires.  A bill of exceptions allowing such exceptions as were season-
ably taken does not properly bring before this court as a court of law an excep-
tion to a direction by the presiding Justice noted after the jury had retired.

Exceptions lie only to some ruling by the presiding Justice.  Alleged improper
remarks by counsel in addressing the jury are not themselves the subject of
exceptions.  Any prejudice resulting therefrom must be taken advantage of by
a motion for a new trial.

The admission of evidence of the effect of noise and dust on adjoining property
in an action for maintaining a private nuisance as bearing on the reasonableness
of the use of the property alleged to be a nuisance is not error.

The admission of a conclusion based on hearsay, however, is just as objectionable
as hearsay itself, and if bearing on a material fact cannot be excused as unpreju-
dicial.

On motion and exceptions.   This is an action on the case to recover damages resulting from an alleged private nuisance maintained by defendant on premises adjoining those of the plaintiff.  · Dust and noise produced by defendant's granite and marble works, constitute the alleged nuisance.   Defendant pleaded the general issue.   A verdict for defendant was returned.   Plaintiff took four exceptions, and also filed a general motion for a new trial.   Motion for new trial not considered.   Exception sustained.

Case is fully stated in the opinion.

*Hudson & Hudson,* for plaintiff.

*C. W. & H. M. Hayes,* for defendant.

SITTING:  CORNISH, C. J., SPEAR, HANSON, PHILBROOK, WILSON, JJ.

WILSON, J..  The defendant conducts a monumental business in the Village of Dover, and since 1886 has occupied small buildings or sheds situated in the rear of buildings fronting on the main street of the village and surrounded chiefly by buildings devoted to business purposes, several of which, however, including the plaintiff's having the upper stories used as dwellings.

The building of the plaintiff was constructed in 1920.   The lower story is used for offices and the second story as a residence.   The plaintiff occupies the office on the first or ground floor fronting on the street and the office immediately in the rear as a law office and for literary work, he being a historical writer of note.   The remainder of the first floor being also used for law offices.

At the· time of the construction of the plaintiff's building the defendant was doing the lettering of monuments and the cutting of granite bases at the same place, but was doing the work with hand tools.   In 1914 in keeping with the progress made in conducting such business, he installed a small surfacing machine for finishing the granite bases which is operated by compressed air supplied by another machine commonly known as a compressor.

The operation of both these machines of necessity causes considerable noise and dust especially the surfacing machine, which by reason of the dust resulting and its effect upon the workmen must be operated in an open shed or with open doors and windows.

The plaintiff contends that the operation of these machines in such close proximity to his building, the compressor being within

thirty-six feet and the surfacing machine within fifty-five feet, and being operated in a shed or building with the doors and windows open, with the attendant noise and dust, materially and unreasonably interferes with the reasonable use of his property and the "physical comfort of his existence," and is therefore a nuisance.

The case was submitted to a jury which found for the defendant. The case is now before this court on a motion for a new trial on the usual grounds and on plaintiff's bill of exceptions.

Four exceptions are presented for consideration: (1) to the admission of evidence as to the effect or absence of any effect from the noise and dust upon adjoining property and occupants other than that of the plaintiff; (2) to the admission of a statement by the defendant in reply to a question whether he had investigated to determine whether there was any device on the market for lessening the noise and dust from such machines, that he had learned there is nothing: (3) to certain remarks of counsel for defendant in his argument before the jury; and (4) to certain instructions to the jury in response to a question by one of the jurymen.

The last exception does not appear to be properly before us. No exception was taken to the instruction of the presiding Justice before the jury retired as required by Rule XVIII of this court. The bill of exceptions show that only such exceptions as were seasonably taken under this rule were allowed by the presiding Justice, hence the exception is not before this court for consideration; *Poland* v. *McDowell*, 114 Maine, 511.

The third exception must be overruled. Exceptions can only be taken to a ruling by the court. Improper remarks by counsel before the jury are not the subject of exceptions, and can only be taken advantage of by motion for a new trial by the party claiming to be prejudiced. In this case the court immediately instructed the jury to disregard the alleged improper remarks and no further requests in relation thereto were made by the plaintiff. Clearly there was here no ruling by the court to which exceptions would lie. *Sherman* v. *M. C. R. R.*, 86 Maine, 422, 424; *State* v. *Martel*, 103 Maine, 63; *Webster* v. *Calden*, 55 Maine, 165.

As to the first and second exceptions which are the only ones we may properly consider, the first should be overruled. The evidence as to the effect of the noise and dust on the adjoining property and occupants, or rather the absence of any effect from it was properly

admitted, not upon the question of whether the plaintiff and his property was affected, but upon the question of whether the use of such machines in the defendant's business under all the circumstances was a reasonable one, to which purpose it was limited by the presiding Justice.

The second exception, however, we think must be sustained. The question of whether there were devices on the market to lessen the noise and dust caused by such machines and whether the defendant had made all reasonable efforts to investigate this question was early raised in the trial of the case. If there were no such devices, the use of such machines, even with the noise and dust necessarily resulting, might be reasonable in the conduct of the defendant's business under the circumstances which the jury found to exist in the case, but if there were practical devices on the market which would lessen the annoyance to the occupants of adjoining property, the use of such machines without such devices might under the same circumstances be an unreasonable use and the noise and dust therefrom constitute a nuisance.

The defendant was properly allowed to testify that he had made inquiries whether any such devices existed, but in response to a question as to what he learned, said: "I learned there is nothing."

He might properly have been allowed to testify that he learned of nothing, since the failure to gain any information would have been a fact within his knowledge, and the only question then would be whether he had used reasonable diligence in prosecuting his inquiries. His answer, however, went farther and involved a conclusion based on hearsay, which is just as objectionable as hearsay itself; *Mason* v. *Tallman*, 34 Maine, 476; *State* v. *Butler*, 113 Maine, 1, 3. To permit evidence to go to the jury that there was no such device may have removed entirely from their minds the question as to whether the defendant's conduct of his business by the use of these machines in the manner in which they were used, if there was some practical means by which the noise and dust could be materially lessened, was a reasonable one, or as to whether the defendant had taken all reasonable steps to determine whether such a device was on the market, there being evidence in the case that a device was in use for removing the dust at least in larger plants.

It is urged that his testimony on this point was in the nature of expert testimony, but the defendant, if skilled in any trade, so far as

the evidence shows can only be regarded as a marble worker or granite cutter. He at least did not qualify as an expert in the operation of such machines and especially as to devices for the lessening of the noise or dust caused thereby. His testimony on this point must stand or fall on the same basis as that of any witness and if his statement appears to have been based on hearsay it should not have been allowed to stand.

The sustaining of this exception renders it unnecessary to consider the motion. It may be said, however, that while the question of whether noise and dust from these machines constitutes a nuisance is a question of fact peculiarly proper for determination by the jury under all the circumstances of the case, an inquiry by one of the jurymen of the court as to the necessary elements of a private nuisance indicated a lack of comprehension of the previous instructions of the court on this point, and the instruction read to the jury by the court in reply inadvertently contained a sentence which may have further added to the apparent confusion in the mind of this juryman. It was to this instruction that the plaintiff's fourth exception related, which was not seasonably taken. While the verdict may have resulted from this misunderstanding of the court's instructions, there was sufficient evidence upon which it might rest and this court is unable to say it was the result of misapprehension or is clearly wrong. The exception sustained while it does not go to the most vital part of the case, does involve a question out of which prejudice by the court's ruling very likely may have resulted to the plaintiff. *Pease* v. *Burrowes*, 86 Maine, 153, 170.

Entry will be,

*Exception sustained.*