In the Matter of the Claim of DOMINICK NAZZARO, Respondent, against FRANK ANGELILLI and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, July 2, 1926.

**Workmen's compensation — evidence — opinion evidence as to capacity of claimant not based on facts in evidence is improper.**

It was improper for the State Industrial Board to receive opinion evidence as to the capacity of the claimant for the purpose of determining the wage-earning capacity, since such evidence was not based on facts in the case but on unsworn medical records and medical opinions not in evidence, and on statements made by the claimant outside of the record.

APPEAL by Frank Angelilli and another from two awards of the State Industrial Board, made on the 27th day of March, 1925, and on the 13th day of November, 1925.

*E. C. Sherwood* [*William B. Davis* of counsel], for the appellants.

*Albert Ottinger, Attorney-General* [*E. C. Aiken, Deputy Attorney-General*, of counsel], for the respondents.

COCHRANE, P. J. The award covers the period from June 7, 1923, to March 15, 1925. The average weekly wage of claimant at

the time of the accident was twenty-seven dollars and fifty cents. The Board found that his wage-earning capacity during the period covered by the award was reduced to twelve dollars a week and accordingly fixed his compensation at two-thirds of the difference, or ten dollars and thirty-four cents a week. Claimant only worked six days during the entire period of disability and claimed that he was obliged to give it up because it was too heavy. With a single exception he made no effort to find light work. The finding as to reduced earning capacity is based on the testimony of a witness connected with an institute for crippled and disabled men and who was experienced in securing employment for such men. This witness was asked if she had seen the medical record in this case and if she had considered the medical opinions and the age of claimant. Having answered in the affirmative, the witness was directed to state the chances of employment of claimant and was then asked this question: " What would a man of his type earn at light unskilled factory work? " The witness answered: " About $12.00 to $15.00 per week." Similar testimony was educed from another witness, who, however, fixed the earning capacity of claimant at six dollars a week. The vice of this testimony in the form in which it is presented is that it is based on the inferences of the witness as to the physical condition of the claimant. She was required to draw inferences from other evidence or other sources as to his " type " and her opinion as to his earning capacity was based on her inferences thus drawn. The rule as to opinion evidence is well established in this State. In *Reynolds* v. *Robinson* (64 N. Y. 589, 595) it is stated as follows: " It is not the province of the witness to reconcile and draw inferences from the evidence of other witnesses, and to take in such facts as he thinks their evidence has established, or as he can recollect and carry in his mind, and thus form and express an opinion. His opinion may be obtained by stating to him a hypothetical case, taking in some or all the facts stated by witnesses, and claimed by counsel putting the question to be established by their evidence, and when the question is thus stated, the witness has in his mind a definite state of facts, and the province of the triers, whether referees or jurors, is not interfered with." Other cases to the same effect are *Guiterman* v. *Liverpool, New York & Philadelphia Steamship Co.* (83 N. Y. 358); *People* v. *McElvaine* (121 id. 250); *Matter of Snelling* (136 id. 515); *Link* v. *Sheldon* Id. 1). There is a much greater objection to the opinion evidence in this case than in the cases above cited. The witnesses in this case were basing their opinion on medical records and opinions not in evidence and as appears by their testimony on statements made to them by claimant outside of the record. In other words,

they read unverified medical reports, talked with the claimant and on information thus acquired ventured an opinion as to how much he was capable of earning. There is no other evidence as to earning capacity. Opinion evidence to be of any value must rest on a sound hypothesis and if that is without support in the evidence the opinion based thereon is without probative force.

The awards should be reversed and the matter remitted, with costs against the State Industrial Board to abide the event.

All concur.

Awards reversed and claim remitted, with costs against the State Industrial Board to abide the event.