In the Matter of the Claim of EVELYN HARDEN, Respondent, against FAHRENKOPF & REUFLE and Another, Appellants. STATE INDUSTRIAL BOARD, Respondent.

Third Department, March 19, 1930.

*Fitzsimmons & Keefe* [*William E. Fitzsimmons* of counsel], for the appellants.

*Hamilton Ward, Attorney-General* [*E. C. Aiken, Assistant Attorney-General*, of counsel], for the respondents.

HINMAN, Acting P. J. The testimony decisive in this case was the conflicting medical opinions of two physicians. One physician, who had attended claimant's husband in the hospital for several weeks before his death, was examined and testified that in his opinion there was no causal relation between an infected finger, crushed in an accident, sustained April thirtieth, and his death May twenty-sixth. The primary cause of death was pneumonia,

according to this attending physician. The other physician, who never saw the deceased, was asked a hypothetical question which stated a few facts in evidence but referred generally to the contents of the hospital records, which were not in evidence. He stated that his testimony was based solely on the hospital record and the file and he was allowed to answer, over proper objection, that the injury to the finger was the cause of death. We have had occasion to condemn such opinion evidence not based upon a definite state of facts and furthermore based upon medical records not in evidence. (*Matter of Nazzaro* v. *Angelilli*, 217 App. Div. 415.) " Opinion evidence to be of any value must rest on a sound hypothesis and if that is without support in the evidence the opinion based thereon is without probative force." (Id. p. 417.) There is no other evidence in the record to sustain the finding of causal relation between injury and death.

The award should be reversed and the claim remitted, with costs against the State Industrial Board to abide the event.

DAVIS, WHITMYER, HILL and HASBROUCK, JJ., concur.

Award reversed and claim remitted, with costs against the State Industrial Board to abide the event.