ALEXINA BROUILLETTE
*vs.*
WEYMOUTH SHOE COMPANY
AND
LIBERTY MUTUAL INSURANCE CO.

Androscoggin.   Opinion, March 20, 1961.

*Berman & Berman,* for plaintiff.

*Forrest Richardson,*
*Richard D. Hewes,* for defendant.

SITTING: WILLIAMSON, C. J., WEBBER. TAPLEY. SULLIVAN, DUBORD, SIDDALL, JJ.

WEBBER, J.   This matter originated as a petition for review of incapacity brought before the Industrial Accident Commission by an employer seeking to terminate the payment of compensation to an injured employee.

The facts are not in dispute.   Mrs. Brouillette fell at her work on January 15, 1959 injuring her right shoulder and

arm. She was directed by her employer to consult the late Dr. Gard Twaddle, who treated her until March when he decided that she should see an orthopedic specialist. She elected to consult Dr. Philip Archambault, who treated her for some time. She testified that in August, 1959 he advised her to return to employment. Instead of doing so, however, she chose to consult another orthopedic specialist, Dr. Carleton Rand, who after examination also advised her to return to work. Dr. Rand, himself a witness before the Commission, was of the opinion in September, 1959 that the apparent limitation of motion of her arm was attributable mainly to disuse and that a return to employment would constitute good therapy and the best remedy for such a condition. In the latter part of September she applied to her former employer, to three other concerns and to two employment agencies for work and was informed in each case that there was no work available. There is no suggestion that she was denied employment because of any physical incapacity. Upon this evidence the Commission found that incapacity for work had terminated on September 26, 1959 and that her inability to obtain employment thereafter was attributable to economic conditions and not to the results of her injury.

There was ample evidence to support the findings of the Commission and it is necessary only to consider the effect of alleged errors in rulings made by the Commission upon the admission of evidence.

Dr. William Casey, an orthopedic specialist called as an expert medical witness by the petitioner, had not examined or treated Mrs. Brouillette. He testified that he had examined x-ray pictures of the injured shoulder and a "report" made by Dr. Archambault, and that he was "aware" of Dr. Twaddle's diagnosis and treatment and of Dr. Allan Woodcock's "evaluation" of the injury. None of the doctors referred to were witnesses at the hearing. Neither the x-ray pictures nor any medical reports were presented or admitted

in evidence. At this juncture Dr. Casey was permitted, over objection, to state his opinion that Mrs. Brouillette's injury was an incomplete fracture of the lesser tuberosity of the right humerus. Subsequently counsel for the appellant noted his exception to the refusal of the Commission to order petitioners to produce the medical reports which Dr. Casey stated he had seen. Still later counsel for Mrs. Brouillette placed an attorney for the petitioners on the witness stand and disclosed the fact that at least certain of the "reports" in question were present in the hearing room in this attorney's possession. At this stage, however, counsel for appellant made no request that the attorney produce them for inspection nor did he inquire as to their contents.

It was error to permit Dr. Casey to state an opinion based on unverified x-ray pictures, on "reports," the contents of which were then and still are unknown and which were clearly hearsay, and on whatever conversations or reports or other form of hearsay had made him "aware" of Dr. Twaddle's diagnosis and Dr. Woodcock's "evaluation." A conclusion based on hearsay is as objectionable as hearsay itself. *Sprague* v. *Sampson,* 120 Me. 353, 356. An expert witness may not give an opinion based in part on the opinions of others. The opinion, if not based upon his own firsthand observation, should at least be grounded upon facts supplied by others for which there is support in the evidence. Unless the factual foundation which underlies the opinion is known and subject to the test of cross-examination, it is virtually impossible to conduct intelligent and effective cross-examination as to the opinion itself. *Nazzaro* v. *Angelilli* (1926), 217 App. Div. 415, 216 N. Y. S. 721; *Ipsen* v. *Ruess* (1948), 239 Iowa 1376, 35 N. W. (2nd) 82, 91; 32 C. J. S. 255, Sec. 536; *id.* page 359, Sec. 552; Anno. 98 A. L. R. 1109 and cases cited; 20 Am. Jur. 661, Sec. 787, *et seq.*

We are satisfied, however, that the error here was harmless and in no way prejudicial to the appellant. Dr. Casey

gave an opinion as to the existence of the incomplete fracture which is in accord with all the evidence in the case and is in no way disputed or controverted. Dr. Rand testified that this was the injury received. Dr. Casey's opinion upon this matter, although improperly received, was merely cumulative and was addressed to a subject not in issue between the parties. Moreover, a question could have been framed at this stage which would have been technically correct and which without doubt would have elicited the same answer. As to counsel's right to see the "reports," a question arises as to whether he did not abandon this position by failing to ask the attorney witness to produce them for inspection. But whether that be so or not, they were themselves hearsay and their legitimate usefulness to the cross-examiner ended when Dr. Casey gave an opinion as to the accuracy of which there is no dispute.

In further testimony Dr. Casey expressed opinions as to the relationship between bursitis and trauma and as to the expected duration of limitation of motion as the result of such an injury as was suffered by the claimant. In these instances, however, the witness made it perfectly clear in his testimony that these opinions were based entirely upon his own knowledge and experience as an orthopedic specialist and not in any degree whatever upon anything contained in "reports" or the opinions of other doctors. The witness was carefully and thoroughly cross-examined as to the reasons underlying his judgment.

We conclude that the only errors in rulings upon evidence were harmless and in no way prejudiced the appellant in an effective presentation of her case.

*Appeal denied.*
*Decree affirmed.*
*Allowance of $250 ordered*
*to appellant for expenses on*
*appeal.*