# Lillian Dupona v. Grace A. Benny

[291 A.2d 404]

No. 110-71

Present: Shangraw, C.J., Barney, Smith, Keyser, and Daley, JJ.

Opinion Filed April 4, 1972

Motion for Reargument Denied June 6, 1972

*Bloomer & Bloomer,* Rutland, for Plaintiff.

*Kolvoord & Overton,* Essex Junction, for Defendant.

**Daley, J.** This is an automobile negligence case which was tried before the Rutland County Court in May, 1971. The result was a jury verdict for the plaintiff in the sum of $30,000.00.

After the rendition of the verdict the plaintiff moved to increase the *ad damnum* stated in her complaint from $15,000.00 to $31,000.00 so as to encompass the jury verdict together with the costs.

The defendant moved the court to: (1) set aside the verdict for being against the weight of the evidence, and that judgment be entered in favor of the defendant notwithstanding the verdict; (2) set aside the verdict as being excessive and that the court order a *remittitur* be filed by the plaintiff, or in the alternative that the verdict be set aside and a new trial ordered; and (3) not enter judgment in excess of the *ad damnum* in the complaint of $15,000.00.

The trial court denied plaintiff's motion to increase her *ad damnum* because it considered the motion to be unwarranted as a matter of the court's discretion, and prejudicial to the defendant as a matter of law. The trial court also entered a judgment order adjudging the verdict returned by the jury to be excessive and against the weight of the evidence, and that the plaintiff have judgment against the defendant in the amount of $15,000.00 together with her taxable costs.

Both parties have appealed to this Court. In her brief the plaintiff raises the issues of whether it was error for the trial court to enter a judgment reducing the amount of damages notwithstanding the jury's verdict, and whether it was proper to raise the *ad damnum* after the verdict. By a cross appeal the defendant challenges the admissibility of certain medical opinion evidence given over objection by one of the physicians

testifying for the plaintiff. The question of the defendant's liability has not been challenged.

The facts, taken in the light most favorable to the plaintiff, the prevailing party, show that on April 24, 1965, she was a passenger in an automobile operated by the defendant on U.S. Route 7 near Danby, Vermont. During the course of this trip there came a time when the plaintiff fell asleep, and the automobile operated by the defendant became involved in a one-car accident. The jury found the defendant to be at fault for this accident. At the time of the accident the plaintiff struck her head on the windshield, and lapsed into a short period of unconsciousness. In addition to the blow to her head, the plaintiff also received injuries to her shoulders and ribs.

The plaintiff was taken from the scene of the accident to Rutland City Hospital where she was examined by Dr. Pisanelli. He diagnosed a fractured left shoulder, injuries to plaintiff's chest and buttock area, a blow to plaintiff's head, ecchymosis in the area of plaintiff's right cheek and temple, and a fracture of one of plaintiff's ribs.

Upon her release from Rutland City Hospital, the plaintiff was directed to see her own physician in Hartford, Connecticut. The plaintiff engaged an orthopedic specialist, a Dr. James Fitzgerald, as her attending physician.

We will now consider the issues raised by the plaintiff in her appeal. If the issues before us related only to the court's action when it denied plaintiff's motion to increase the *ad-damnum* in her complaint, and to the court's action when it entered judgment for one half of the amount of damages found by the jury we would have little difficulty in disposing of this case. Both the statutory law in existence at the time of the trial, as well as the judicial decisions permitted pleadings to be amended as to form or substance at any stage of the proceedings. 12 V.S.A. § 1132, *Neverett* v. *Towne*, 121 Vt. 447, 159 A.2d 345 (1960).

In negligence cases, as is well known, the amount of damages alleged in the complaint is ordinarily in excess of the sum which the plaintiff expects to recover and is certainly not a standard for estimating the damages. *Mattison* v. *Smalley*, 122 Vt. 113, 118, 165 A.2d 343 (1960). The amendment sought by the plaintiff was a change in the amount of the *ad*

*damnum,* and as this Court in *Harris* v. *Belden,* 48 Vt. 478, (1876), stated ". . . the amendment did not affect the rights of the defendant at all for the same judgment could have been rendered without the amendment as with it." That the *ad damnum* can be raised at any stage of the proceedings is clear. *Santerre* v. *Sylvester,* 108 Vt. 435, 439, 189 A. 159 (1937). Plaintiff's motion to increase the *ad damnum* after the jury verdict, but before the entry of judgment, should have been allowed.

Plaintiff also claims error on the part of the trial court for entering judgment for a sum less than that found by the jury. After the jury had returned its verdict, the defendant requested the court to set aside the verdict and order a *remittitur,* or in the alternative set aside the verdict and grant a new trial. The defendant based this request upon the claimed excessiveness of the verdict.

The trial court did not set aside the verdict nor did it order a *remittitur;* on the contrary it fixed the damages at an exact sum it believed proper, one half of the damages awarded by the jury. We are not confronted with a judgment notwithstanding the verdict upon the question of liability, but are in effect upon the question of damages which the court, in its judgment order, stated were excessive and against the weight of the evidence. A motion to set aside a verdict for being against the weight of the evidence by the defendant is one addressed to the court's discretion. *Merrill* v. *Reed,* 123 Vt. 248, 251, 185 A.2d 737 (1962). However, as a matter of law the trial court has no discretion to enter a judgment reducing the amount of damages notwithstanding the jury's verdict. Judgments are not entered as a matter of discretion. *Sawyer* v. *Ewen,* 122 Vt. 320, 322, 173 A.2d 549 (1961). In a proper case the court, if it found the verdict to be excessive, could have set it aside as a matter of discretion and ordered a new trial. *Pettengill* v. *Kelton,* 124 Vt. 472, 473, 207 A.2d 245 (1965), and cases cited therein.

The plaintiff claimed damages for pain and suffering, as well as for permanent injury to her body. Because such damages have no exact measure of computation, they are considered to be unliquidated. Except where the damages are

liquidated, a judgment for an amount different than verdict made without the consent of the party adversely affected is error. *Town of Stockbridge* v. *State Highway Board,* 125 Vt. 366, 372, 216 A.2d 44 (1965), citing *Pettengill* v. *Kelton,* 124 Vt. 472, 475, 207 A.2d 245 (1965). Thus, when the trial court fixed the judgment at an amount different than that returned by the jury in their verdict without the consent of the plaintiff, it committed error.

The defendant, by way of a cross appeal, claims it was error for the trial court to admit into evidence certain opinions given by plaintiff's physician, Dr. James Fitzgerald, in his pre-trial deposition, which was read into evidence during the trial. The deposition was taken by stipulation which contained the usual agreement that all objections, except as to matters of form, were reserved until trial.

Dr. Fitzgerald is the orthopedic surgeon who attended plaintiff for her bodily injuries upon her return to Hartford, Connecticut. He did not treat the plaintiff for her claimed head injuries, and confined himself to the treatment of those injuries within his specialized field. In the deposition he stated there came a time when the plaintiff began to talk of headaches, loss of memory, and inability to form words. When the plaintiff continued to talk of these ailments he decided to refer the plaintiff to someone else, as these ailments were beyond his specialized field.

Dr. Fitzgerald referred the plaintiff to a doctor for an eye examination, who found no eye trouble. Then he successively referred the plaintiff to two neurologists, the last of whom referred plaintiff to a psychologist. Each of these specialists conducted an examination of the plaintiff and made a report of his findings, opinions, and conclusions for Dr. Fitzgerald.

None of the specialists to whom Dr. Fitzgerald referred the plaintiff were deposed, and none were witnesses at the trial. The reports made by these specialists were not introduced into evidence at the trial.

In his deposition, Dr. Fitzgerald stated he had read the reports furnished to him, and in each instance after he read a report he had seen the plaintiff. Based upon the reports and his observations he was asked to give his opinion in regard to the complaints made by the plaintiff. Counsel for the defendant objected; the trial court overruled the objection, and

Dr. Fitzgerald stated: "I think her complaints with reference to this forgetfulness, unable to remember things, are at least partially on an organic basis. She has a functional component, of course, but I believe the tests have shown that she has a very definite organic component to her complaint." Dr. Fitzgerald further testified there was an organic deficiency present on several of the studies done on the plaintiff, and that there appeared to be permanent injury to plaintiff's brain as a result of the accident.

On later examination, Dr. Fitzgerald admitted that the opinions he gave with regard to plaintiff's head injury were based upon the information relayed back to him from the specialists to whom he sent her.

The rule enunciated in *State* v. *Frotten,* 114 Vt. 410, 46 A.2d 921 (1946), which delineates a situation close to that here, is that an expert witness may not give an opinion based in part upon information or opinions received from others who do not testify in the case. In *State* v. *Frotten, supra,* 114 Vt. at 417, the Court stated: "It is error to admit the opinion of an expert based in whole or part on facts the existence of which is not within the tendency of the evidence. [Citations omitted.] Such opinion evidence cannot be based on hearsay, as it clearly was in the present case."

In both the *Frotten* case, and this one, neither physician recited the information received by him, and it did not appear the informants were unavailable as witnesses. The opinion, if not based upon his own firsthand observations, should at least have been based upon facts supplied by others for which there is support in the evidence. *Cross* v. *Estate of Patch,* 123 Vt. 11, 178 A.2d 393 (1962); *Marsigli Estate* v. *Granite City Auto Sales,* 124 Vt. 95, 197 A.2d 799 (1964); *Bean* v. *Sears Roebuck & Company,* 129 Vt. 278, 276 A.2d 613 (1971).

Unless the factual basis for the opinion is known and subject to cross-examination it is impossible to conduct an intelligent and effective cross-examination of the opinion itself. *Brouillette* v. *Weymouth Shoe Company,* 157 Me. 143, 145, 170 A.2d 412 (1961); *Ipsen* v. *Rwess,* 239 Iowa 1376, 35 N.W.2d 82 (1948); Annot., 98 A.L.R. 1109 (1935), and cases cited. In this instance the reports received by Dr. Fitzgerald were hearsay and a conclusion based upon hearsay is as objection-

able as hearsay itself. *Sprague* v. *Sampson*, 120 Me. 355, 356, 114 A. 305 (1921).

Dr. Fitzgerald was in effect not giving an opinion, but merely acting as a conduit for those who professed to have knowledge in an area in which he admitted he had none. By his own admission Dr. Fitzgerald was not an expert in the field of brain injury. For this reason he sent the plaintiff to other doctors who were experts in that field. In his testimony he merely stated the conclusions of the doctors to whom he had sent the patient. Such testimony was not as to any conclusion of his own, for admittedly his training gave him no basis for coming to such conclusions. The majority of the jurisdictions in this country support the views set forth in *State* v. *Frotten, supra.* See Annot., 175 A.L.R. 274 (1948); McCormick, Evidence § 15 (1954); *State* v. *Wangberg*, 272 Minn. 204, 136 N.W.2d 853 (1965); *Community Gas and Service Company, Incorporated* v. *Walbaum*, 404 P.2d 1014 (Okla. 1965); *Fink* v. *Higgins Gas and Oil Company, Incorporated*, 203 Va. 86, 122 S.E.2d 539 (1961).

In this case the opinions sought were those necessarily based upon the special training and experience of a professional possessing definite skills and abilities not possessed by ordinary men, or even certain medical specialists. The rule allowing the admission of opinion testimony as to value which is based in part upon information received from others enunciated by this Court in *Gibson Estate* v. *State Highway Board*, 128 Vt. 48, 52, 258 A.2d 810 (1969), is to be distinguished from the rule applicable here. In *Gibson Estate, supra,* 128 Vt. at 52, an opinion as to value was allowed because it was not based on ". . . special training or professional experience, but rather on accumulated information derived frequently from deliberate investigation and inquiry." See also Annot., 37 A.L.R.2d 967 (1954). In view of the policy behind our rule in *Gibson Estate,* we conclude that it should not be applied in this case to the reception of expert medical testimony.

■ The reception into evidence of Dr. Fitzgerald's opinion testimony relating to plaintiff's head injury was prejudicial error. Had the opinion evidence given by Dr. Fitzgerald been excluded there would have been no evidence before the

jury of brain damage. By the admission of Dr. Fitzgerald's opinion testimony, the jury in its determination was allowed to consider permanent injury to the brain. If believed it could have no other effect than to greatly increase the amount of the awardable damages. Plaintiff's other expert witness, Dr. Upton, found no evidence of damage to plaintiff's brain.

Since this case requires reversal, we feel it appropriate to briefly comment upon a portion of Dr. Upton's testimony in which he stated he relied upon reports of others in formulating his opinions. This was objected to by the counsel for the defendant, and we consider it error for the trial court to have allowed such evidence. The reasoning behind the exclusion of portions of Dr. Fitzgerald's testimony also applies to these portions of Dr. Upton's testimony.

Because a reversal is required, we do not need to reach the other issues briefed by the parties.

*Judgment affirmed except as to the question of damages, and as to that question, judgment is reversed and cause remanded.*