# Erica Keus v. Brooks Drug, Inc., and Peter Del Santo

[652 A.2d 475]

No. 93-198

Present: Allen, C.J., Gibson, Dooley, Morse and Johnson, JJ.

Opinion Filed August 5, 1994

Motions for Reargument and to Revise Mandate Denied November 2, 1994

1

*Bradley D. Myerson,* Manchester Center, for Plaintiff-Appellant.

*Martha M. Smyrski* of *Ryan Smith & Carbine, Ltd.,* Rutland, for Defendants-Appellees.

**Gibson, J.** Plaintiff Erica Keus appeals from a judgment for defendants after the jury found defendants guilty of negligence and breach of express warranty, but denied damages, for lack of proximate causation, for injuries suffered by plaintiff in a fall brought on by a drug she was given when pharmacist Peter Del Santo incorrectly filled a prescription. We reverse.

In November 1985, suffering from pain in her chest and a fever, plaintiff went to see Dr. Ronald Woodworth in Bennington. The doctor diagnosed an infection and prescribed Eryc, a form of the antibiotic Erythromycin. Plaintiff took the prescription to Brooks Pharmacy, where it was filled by defendant Del Santo. Del Santo, however, misread the handwriting on the prescription and filled it not with Eryc but with Esgic, a pain killer and sedative containing a barbiturate. Plaintiff did not notice the mistake. She took two of the pills before going to bed and two more pills the next morning. Because she felt queasy and "cloudy," plaintiff decided to take a shower. She fainted soon after stepping into the shower, and came to with a "stinging sensation" in her lower back, which she believes was caused by striking the water faucet when she fell. She returned to Dr. Woodworth's office and showed the medication to the receptionist.

After a call to the pharmacy, the receptionist informed plaintiff that she had been given the wrong medication. She went again to the pharmacy, where Del Santo apologized for the mistake and gave her a bottle with the correct medication.

For about three weeks, plaintiff considered the mishap a "minor scrape and bruise," but when pain in her lower back continued she went to see Dr. Richard Fabricius, an orthopedist, who prescribed physical therapy. Plaintiff revisited Dr. Fabricius twice, and thereafter saw a number of different doctors, including a chiropractor, seeking relief from her pain. She was finally told in 1992 by Dr. Dudley Baker, an orthopedic surgeon, that her condition was probably permanent. In preparation for trial, she was seen and evaluated by a doctor for the defense, Dr. Raymond Kuhlmann, and, at the request of her own attorney, by Dr. Robert Van Uitert, a neurologist.

At trial, defendants presented no medical witnesses, relying instead on cross-examination of plaintiff and her medical witnesses. Drs. Van Uitert and Baker were of the opinion that plaintiff's lower back pain was due to the injury sustained when she fell in the shower. In addition, Dr. Van Uitert testified that in his opinion the fall was caused by the side effects of the drug Esgic, and that the fall would have occurred whether or not plaintiff had been in the shower. Dr. Baker testified that plaintiff's account was consistent with the injury he diagnosed.

On direct examination, plaintiff's counsel asked Dr. Van Uitert if he had based part of his history of plaintiff's injury on the reports of Dr. Fabricius, plaintiff's first treating doctor after the fall, and Dr. Kuhlmann, the defense's examining doctor. Dr. Van Uitert stated that he had. The crux of this appeal concerns the admission, during the cross-examination of Dr. Van Uitert, of the entire reports of Drs. Fabricius and Kuhlmann. Plaintiff's counsel objected, as follows:

> MR. MYERSON: Well, Your Honor, these are inadmissible as pertaining to the findings and conclusions of each Doctor. The factual summaries and the findings are already in evidence, but I believe Rule 803 bars the conclusions and opinions of a non-testifying doctor as being hearsay. So we would object to those.

> MR. MORGAN: These are medical records. Dr. Fabricius's are of a treating physician; Dr. Kuhlmann's of an examining physician. Both records are based—are the basis for some of the opinions given by the Doctor in this case. I think they are relevant. I think

they are an exception to the hearsay rule. I don't think the plaintiff is entitled to extract what she pleases from these records. I think they would more fully explain to the jury the history and symptoms that the plaintiff exhibited.

MR. MYERSON: Your Honor—

THE COURT: It is appropriate by way of cross-examination that these be admitted.

Dr. Kuhlmann's report included the following statement: "I'm of the opinion that this patient has not incurred any partial permanent functional impairment to the spine related to the incident of the 21st November 1985." Further, the report stated that "[t]he cause of this patient's complaint other than the temporary one of back strain remain[s] obscure." Dr. Fabricius's report "advised against continued manipulations," referring to back manipulations performed by plaintiff's osteopath, Dr. Woodworth.

The jury's verdict was in the form of answers to special interrogatories, finding that (1) defendant Del Santo was negligent, (2) plaintiff was not contributorily negligent, (3) Del Santo's negligence was not the proximate cause of plaintiff's injury, (4) there was a breach of an express warranty by Del Santo to fill the prescription as presented, and (5) the breach of the express warranty was not the proximate cause of plaintiff's injury. As a result of its findings that the negligence and the breach of express warranty were not the proximate cause of plaintiff's injury, the jury assigned no damages.

Plaintiff moved for a new trial on the proximate cause and damages issues, claiming the trial court improperly admitted hearsay opinions and conclusions contained in the reports of the two nontestifying physicians. The court denied the motion. On appeal, plaintiff contends that the opinions and conclusions in the Kuhlmann report were inadmissible because (1) they were not "basis" evidence within the meaning of V.R.E. 703, and (2) use of the Kuhlmann and Fabricius opinions and conclusions as substantive evidence deprived her of a fair trial.

We review a ruling on a motion for a new trial for abuse of discretion, *Hardy v. Berisha*, 144 Vt. 130, 133, 474 A.2d 93, 95 (1984), and we review claims relating to the admission of evidence according to the same standard, see *Gilman v. Towmotor Corp.*, 160 Vt. 116, 122, 621 A.2d 1260, 1263 (1992) (Court will not reverse trial court's decision to admit or exclude evidence "absent an abuse of discretion resulting in prejudice").

■ Vermont Rules of Evidence 703[1] and 705[2] control the definition and disclosure of the basis of expert opinion testimony.

> Under [V.R.E.] 703, if an expert relies on the out-of-court statements of another in forming his or her opinion *and* if such statements are of a type reasonably relied on by experts in the particular field, then the statements—even if not independently admissible for their substance—will be admissible for the limited purpose of demonstrating the basis for the expert's opinion.

*State v. Recor*, 150 Vt. 40, 48, 549 A.2d 1382, 1388 (1988) (emphasis in original). On cross-examination, counsel may ask an opponent's expert to disclose the underlying facts or data on which an opinion is based. V.R.E. 705. Such disclosure may be useful to the jury in evaluating the expert's testimony. See *State v. Senecal*, 145 Vt. 554, 559, 497 A.2d 349, 352 (1985) (credibility and weight of expert testimony is matter for jury). While the latitude afforded the cross-examiner is wide, we have emphasized that basis evidence is admissible only for a limited purpose. *State v. Goodrich*, 151 Vt. 367, 376, 564 A.2d 1346, 1351 (1989) ("[E]vidence sought [under Rule 705] must either constitute facts underlying the expert's opinion, or tend to prove unreliability, prejudice or bias."). Only if the basis material is independently admissible under a hearsay exception may it be used substantively. *Recor*, 150 Vt. at 47, 549 A.2d at 1387.

Plaintiff contends that the reports of Dr. Kuhlmann and Dr. Fabricius included opinions or conclusions that were not "facts or data" relied upon by Dr. Van Uitert or Dr. Baker, and that were therefore not admissible under V.R.E. 703 to demonstrate the basis of either doctor's opinion. Plaintiff cites in support of her contention *Dupona v. Benny*, 130 Vt. 281, 291 A.2d 404 (1972), a case decided before the adoption of the Vermont Rules of Evidence. In *Dupona*, we reversed the trial court's admission of a physician's opinion that was based entirely on the reports of other doctors, because the physician

---

[1] The facts or data in the particular case upon which an expert bases an opinion or inference may be those perceived by or made known to him at or before the hearing. If of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject, the facts or data need not be admissible in evidence.
V.R.E. 703.

[2] The expert may testify in terms of opinion or inference and give his reasons therefor without prior disclosure of the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination.
V.R.E. 705.

was not testifying to a conclusion based on his own observations, but merely acting as a conduit for the opinions of others, thus making it "impossible to conduct an intelligent and effective cross-examination of the opinion itself." *Id.* at 286–87, 291 A.2d at 407–08.

Plaintiff asserts that neither doctor testified about the opinions or conclusions contained in the Kuhlmann and Fabricius reports or relied upon those reports other than to obtain a history of the injury. Further, plaintiff contends that Dr. Van Uitert could not have relied on those opinions or conclusions because they directly contradicted his own opinions. Defendants argue, however, that plaintiff's counsel "opened the door" to use of the opinions in the underlying reports when he asked Dr. Van Uitert if he had relied "on a particular doctor's diagnosis as to the source of pain or injury," to which Van Uitert replied that he used it "as information to come to a conclusion."

But it is clear from the record that Dr. Van Uitert was never questioned about the opinions and conclusions contained in either report, and that he did not rely on them; rather, he used the reports only for the purpose of obtaining a history of the injury. Accordingly, we agree with plaintiff that the opinions and conclusions contained therein were not admissible. *Recor*, 150 Vt. at 48, 549 A.2d at 1388; see also *United States v. Dyer*, 752 F.2d 591, 593 (11th Cir. 1985) (underlying opinion not admissible unless testifying expert states reliance on opinion); *Bryan v. John Bean Division*, 566 F.2d 541, 546–47 (5th Cir. 1978) (where testifying expert did not admit reliance on conclusions contained in underlying reports that contradicted his own, and where expert did not testify solely from the reports, conclusions were inadmissible under Fed. R. Evid. 705). The underlying reports were also inadmissible for cross-examination of Dr. Baker, who was never asked the purported "door-opening" question referred to by defendants.

When the court admitted the reports over plaintiff's objection "by way of cross-examination," it apparently thought the door had been opened for full use of the complete reports. In denying plaintiff's motion for a new trial, the court stated that plaintiff "did not argue that Dr. Kuhlmann's report exceeded proper basis testimony under Rule 703, and failed to request a limiting instruction that the Report be considered only as a basis for Dr. Van Uitert's opinion." We agree that counsel bears the burden of making a proper objection, see V.R.E. 103(a)(1), but we cannot agree that plaintiff's objection was insufficient. The objection was to "conclusions and opinions" of the

nontestifying experts, and was interposed with specific reference to the hearsay rule, Rule 803. The objection should have alerted the court to the possibility that portions of the reports were inadmissible. See *State v. Gokey*, 154 Vt. 129, 140–41, 574 A.2d 766, 772 (1990) (child's out-of-court account of incident to psychologist "did not qualify for the limited purposes permitted by [V.R.E. 703 and 705]"); *Recor*, 150 Vt. at 48, 549 A.2d at 1388 (V.R.E. 703 "may not be used to circumvent the restrictions of the hearsay rules generally, or V.R.E. 803(4) in particular"); see also *In re "Agent Orange" Prod. Liab. Litig.*, 611 F. Supp. 1223, 1245 (E.D.N.Y. 1985) (court "may not abdicate its independent responsibilities to decide if the bases [of expert opinion] meet minimum standards of reliability as a condition of admissibility"), *aff'd*, 818 F.2d 187 (2d Cir. 1987), *cert. denied*, 487 U.S. 1234 (1988). The admission of the reports in their entirety was erroneous.

 Although there was error, we will not reverse unless there was also prejudice to plaintiff. V.R.E. 103(a); see *Cadel v. Sherburne Corp.*, 139 Vt. 134, 136, 425 A.2d 546, 547 (1980) (refusing to reverse where it did not appear that "statement in question, though inadmissible, was a significant factor in the jury's determination of the issue of causation"). As the party claiming error, the burden is on plaintiff to demonstrate prejudice. *Id*. Plaintiff points to portions of the reports which suggest that her injury was due to a failure to follow Dr. Fabricius's advice and indicate that Dr. Kuhlmann held an opinion that the cause of her injury was "obscure." This misuse of evidence, she asserts, prejudiced her and warrants reversal. We agree.

 In closing argument, defense counsel made repeated references to the medical reports as "silent witnesses." For example, counsel argued:

> [O]n the third and last visit with Dr. Fabricius, the plaintiff told him what happened. In determining credibility which is so very important, there are certain things to look at, certain things to read, read the silent witnesses. I ask that you listen to what they say when you make your deliberations.

Such argument improperly urged the jury to use the opinions and conclusions in the reports substantively to test the credibility of plaintiff and the testifying doctors, to the clear prejudice of plaintiff. See *Bryan*, 566 F.2d at 547 (reversible error where opinions of nontestifying experts contained in written reports were "argued

substantively, violating the hearsay rule"); *State v. Towne*, 142 Vt. 241, 247, 453 A.2d 1133, 1136 (1982) (reversible error where "jury was asked to base its decision upon the testimony of a witness never brought before the trier of fact and never cross-examined"); *Kim v. Nazarian*, 576 N.E.2d 427, 435 (Ill. App. Ct. 1991) (finding improper use of nontestifying experts' opinions was prejudicial where defense counsel "highlighted" opinions in opening and closing statements).

█ Defendants also contend that plaintiff was required to request a limiting instruction. See V.R.E. 105 (when evidence admissible for one purpose but not admissible for another purpose, court, upon request, shall restrict evidence to its proper scope and instruct jury accordingly); *Recor*, 150 Vt. at 49, 549 A.2d at 1388 (when hearsay evidence is admitted under V.R.E. 703, opposing party entitled to limiting instruction). Here, however, the opinions contained in the reports were not admissible in the first place. A limiting instruction, while appropriate for properly admitted basis evidence, can only draw attention to improperly admitted evidence and will not cure the error. Cf. *Bryan*, 566 F.2d at 547 n.6 (district court cautionary instruction "exacerbated the error" where opposing counsel was allowed to argue basis evidence substantively).

█ Finally, defendants' argument that the "completeness" doctrine, V.R.E. 106, provides an alternative basis for admission of the Fabricius and Kuhlmann reports is meritless. Rule 106 allows otherwise incompetent hearsay evidence to be admitted only if it would "help to explain the original writing." Reporter's Notes, V.R.E. 106. The improper use of the Kuhlmann and Fabricius statements in this case cannot be justified on the ground that they help explain those doctors' original reports.

*Reversed and remanded.*