**John P. TROTIER v. Opal P. BASSETT**

[811 A.2d 166]

No. 01-273

August 20, 2002. Plaintiff John Trotier appeals from the trial court's denial of two of his motions — one for judgment as a matter of law and the other for a new trial — in this automobile negligence case. On appeal, plaintiff argues that the court erred by not construing certain statements of defendant as judicial admissions, which would have established liability, and by excluding opinion testimony of an expert witness. We affirm.

The relevant facts of this case are not in dispute. This personal injury action arose out of an automobile collision at the intersection of Route 7 and Route 22A in Ferrisburg, Vermont. Plaintiff was a front-seat passenger in one of the cars driven by defendant Opal Bassett. The other car was driven by Meggan Markowski. Route 22A comes in from the west and ends at a T-shaped intersection with Route 7, which runs north and south. On the day of the collision, Ms. Markowski was driving south on Route 7 and had the right-of-way. Defendant, traveling east on Route 22A, approached the intersection and attempted to make a left hand turn onto Route 7 going north. While defendant's car was in the intersection, Ms. Markowski's car collided with it, causing serious damage to both cars and physical injury to plaintiff. At the scene of the accident, Sgt. Genova of the Vermont State Police interviewed defendant and Ms. Markowski and drew a rough map of the accident scene. Ms. Markowski's car left skid marks when she tried to avoid hitting defendant's vehicle, but Sgt. Genova did not measure the length of them.

Plaintiff sued both defendant and Ms. Markowski, and Ms. Markowski also

sued defendant. The trial court consolidated the three cases. Ms. Markowski moved for summary judgment on plaintiff's claim against her, which plaintiff did not oppose. The only opposition came from defendant who intervened to oppose the motion. Despite that opposition, the court granted the motion and dismissed plaintiff's claims against Ms. Markowski. Plaintiff's case against defendant then went to trial by jury on November 15 and 16, 2000, and the jury returned a verdict in favor of defendant. Plaintiff filed motions for judgment as a matter of law and, in the alternative, for a new trial. The trial court denied both motions.

On appeal, plaintiff makes two arguments. First, he argues that certain statements made by defendant in her deposition and at trial constitute judicial admissions of liability. Furthermore, plaintiff contends that because defendant admitted liability and was the only remaining defendant in the consolidated case, the court erred by not granting judgment as a matter of law in favor of plaintiff before the issue reached the jury.

The first statement in question was made in defendant's deposition. During the deposition, defendant said that she "had to have been at fault to some degree" for the accident. Plaintiff questioned defendant at trial about this answer:

> Q: Ms. Bassett, you testified that you thought that both of you were at fault and Meggan Markowski was at fault.
> A: Yes, I could have been at the time.
> Q: And you felt that Ms. Markowski should have gone to the right, pulled to the right?
> A: Right.
> Q: And you believe that this accident is partially your fault because you should have estimated her speed before you attempted to make the left-hand turn?
> MR. BREDICE: Objection.
> A: That was the thought I had. That was not like yes or no.
> THE COURT: Overruled.
> Q: I'm sorry, what was your answer?
> A: Yes, I did say that at the time, but that was general conversation. We both had to have been at fault to some degree.

During cross-examination by defendant's own attorney, defendant read her deposition testimony word for word to the jury: "I'm a odd duck, I guess. I would almost say it could be both our faults, but ultimately I think she could have done better in passing me by staying further over to the right."

Whether defendant's statements constituted a judicial admission of liability is a question of law. We review questions of law de novo. *State v. Pollander*, 167 Vt. 301, 304, 706 A.2d 1359, 1360 (1997). A judicial admission is testimony to a fact which is within the witness's personal knowledge and which meets the following requirements: (1) the statement must be clear; (2) it must be an unequivocal concession of fact; (3) the statement must be absolute and without qualification; (4) it must be made for the express purpose of dispensing with formal proof of one of the facts in issue; and (5) the party testifying must not have made any effort to retract, qualify, or otherwise explain the positive force of the evidence. See *State v. McGrath*, 130 Vt. 400, 402, 296 A.2d 636, 638 (1972) (judicial admission must be "unequivocal concession" of fact); *Granite City Coop. Creamery Ass'n v. B & K Cheese Co.*, 115 Vt. 408, 412, 63 A.2d 193, 196 (1949) (judicial admission must be "made absolutely and without qualification, for the express purpose of dispensing with formal proof of one of the facts in issue," and parties made no attempt to withdraw, modify, or retract statement);

*Raptis v. Alexander,* 104 Vt. 203, 203, 158 A. 73, 73 (1932) (judicial admission found where defendant's attorney "expressly admitted that the plaintiff was entitled to a judgment on the notes" that were subject of litigation); *Hall v. Fletcher,* 100 Vt. 210, 212, 136 A. 388, 389 (1927) (attorney's statement held judicial admission where "made by the defendant's attorney during the trial of the cause, for the express purpose of dispensing with the formal proof of one of the facts in issue").

In arguing that defendant's statements constituted a judicial admission, plaintiff focuses particularly on the deposition statement that defendant had to have been at fault to some degree, to which defendant testified at trial. We cannot find that this testimony constituted a judicial admission for several reasons. First, it is not clear or unequivocal. Plaintiff has clipped defendant's deposition testimony, leaving out that she said she "would almost say" that the accident "could be both our faults." The use of "almost" made the statement equivocal. It became even more equivocal when defendant explained it in her trial testimony as set out above.

Second, there is no indication that either the deposition statement or the trial testimony was made to dispense with proof of defendant's liability. Finally, in his closing argument, defendant's attorney flatly denied that defendant was at fault:

> [Defendant] entered the intersection under the reasonable belief that she had enough distance to do that safely and that she had enough time to do that safely. The accident was not her fault. But because I'm not on the jury and I'm not the one who's making the decision, I have to take into account the possibility that you may come to a different conclusion. And if you do, I have to address the issue of damages. But my discussion of the issue of damages is in no way a concession concerning liability in this case.

Judicial admissions are an efficient means by which to isolate the contested facts from the facts which either party has already admitted are true. The requirements for an admission are strict, however. Considering the context in which the statements in question were made and the requirements for a judicial admission listed above, defendant's statements were clearly not judicial admissions. Thus, the trial court did not err by denying plaintiff's motion for judgment as a matter of law.

The second argument on appeal relates to the trial court's ruling that limited the testimony of plaintiff's expert witness. One of plaintiff's theories of the case was that defendant was negligent per se because she violated 23 V.S.A. § 1048(b), a highway safety statute. See *Bacon v. Lascelles,* 165 Vt. 214, 222, 678 A.2d 902, 907 (1996) (proof of a defendant's violation of a safety statute creates a rebuttable presumption of negligence). The statute provides in relevant part:

> After having stopped [at an intersection], the driver shall yield the right of way to any vehicle which *has entered the intersection from another highway* or which is approaching so closely on said highway as to constitute an *immediate hazard* during the time when such driver is moving across or within the intersection.

23 V.S.A. § 1048(b) (emphasis added).

Plaintiff called Vermont State Police Sgt. Genova as an expert witness. Plaintiff intended to elicit from Sgt. Genova his opinion that defendant entered the intersection when the Markowski vehicle was so close as to constitute an immediate hazard in violation of 23 V.S.A.

§ 1048(b). Before the jury was called into the courtroom, the court held a hearing in connection with defendant's motion to preclude Sgt. Genova from offering an opinion as to her liability. During the motion hearing, Sgt. Genova testified that he did not measure the Markowski vehicle's skid marks or do anything else that would allow him to estimate how fast Ms. Markowski's car was traveling as it approached the intersection. After the hearing, the court granted defendant's motion because it determined that Sgt. Genova did not have an adequate factual basis for an opinion on liability. The court made the same ruling during the witness's testimony after plaintiff's counsel again attempted to establish the foundation for the testimony. Later, when the court denied plaintiff a new trial, it further explained that it excluded the opinion testimony because the speed of the vehicle was an essential fact in determining whether defendant violated the statute. Because the sergeant did not have any knowledge of the speed of the Markowski vehicle, the court reasoned, he could not form an opinion as to whether the Markowski vehicle was going so fast that it created an immediate hazard to which defendant should have yielded.

Plaintiff argues that the improper exclusion of the expert's testimony entitles him to a new trial. We review evidentiary rulings and motions for a new trial for abuse of discretion. *Keus v. Brooks Drug, Inc.*, 163 Vt. 1, 5, 652 A.2d 475, 478 (1994). "Abuse of discretion requires a showing that the trial court has withheld its discretion entirely or that it was exercised for clearly untenable reasons or to a clearly untenable extent." *Vermont Nat'l Bank v. Clark*, 156 Vt. 143, 145, 588 A.2d 621, 622 (1991). The trial court must find an adequate foundation for the admission of expert testimony; a determination that the foundation is inadequate is discretionary. See Reporter's Notes to V.R.E. 702; *State v. Beshaw*, 134 Vt. 347, 349-50,

359 A.2d 654, 656 (1976). An opinion cannot be based upon speculation. *Turgeon v. Schneider*, 150 Vt. 268, 274, 553 A.2d 548, 552 (1988).

Violation of § 1048(b) requires that the approaching driver with the right of way either actually be in the intersection or approaching so closely as to constitute an immediate hazard when the car without the right of way enters the intersection. The point of the trial court's ruling was that without some information about the speed of the Markowski vehicle, the expert had to speculate whether it was close enough to the intersection to cause an immediate hazard when defendant entered the intersection. In fact, the witness testified that he had no idea how fast Ms. Markowski was driving, that he didn't measure the skid marks, and that there was no reliable basis for determining where Ms. Markowski's car was when defendant pulled into the intersection. It was within the discretion of the trial court to rule that the foundation for the proposed opinion was inadequate and the witness would have to speculate to conclude that defendant had violated the statute.

*Affirmed.*