## State of Vermont v. Edwin F. Hedding

[172 A.2d 599]

May Term, 1961

Present: Hulburd, C. J., Holden, Shangraw, Barney and Smith, JJ.

Opinion Filed July 12, 1961

*John E. Bernasconi,* Grand Juror for the city of Barre, for the State.

*Finn & Davis* for the respondent.

**Smith, J.** The respondent was convicted by jury trial of operating a motor vehicle while under the influence of intoxicating liquor, a violation of 23 V.S.A. §1183, in the Barre Municipal Court. He has brought the case here upon notice of appeal from the verdict and judgment.

The first witness called by the State was a Dr. Archambault, city physician and police examiner for the city of Barre. His direct testimony was short, and was only to the effect that he offered to give the respondent various tests to determine whether the respondent was under the influence of alcohol, which tests the respondent refused to take.

A prolonged cross-examination followed, with counsel for the respondent examining the doctor upon many matters which had not been testified to on direct examination. Objections were made at various times by the city grand juror to the lower court on the admission of evidence. The trial court instructed the city grand juror to withhold his objections until the close of the examination of the doctor by the counsel for the respondent and then make a motion to strike the testimony to which objection was made. Upon a motion to strike being made at the close of the cross-examination of the doctor, and upon an offer being made to "connect up" this testimony by the respondent, the lower court again postponed its ruling until the close of the State's case.

At the close of State's evidence and a renewal of the motion to strike, the trial court again postponed its ruling, upon a further offer by the respondent to "connect up" the testimony during the presentation of respondent's evidence. The motion to strike was granted, eventually, at the close of all the evidence in the case.

■ While it was within the discretion of the trial court to postpone its ruling on the objections to the admission of evidence, as it did, until the renewal of the motion to strike at the close of all the evidence, it is apparent from the record that it led to some confusion between the parties. We believe that the better practice is to rule upon objections to evidence as they are made. This provides a more careful and orderly procedure as the case progresses, and it also avoids confusion and possible unfairness to parties which may result if such matters are allowed to accumulate to be dealt with at the close of the evidence, when it might be difficult to meet contentions then made for the first time. *Solomon* v. *Dabrowski,* 295 Mass. 358, 3 N.E.2d 744, 745, 106 A.L.R. 464.

The error claimed here by the respondent in that part of the testimony of Dr. Archambault struck by the trial court was an opinion by the doctor that the respondent was not under the influence of alcohol. Whether the answer of the doctor to the question of counsel for the respondent was an expression of an opinion, or was a declaration of a lack of opinion, is equivocal, particularly under the light of the questions to which the answer was made.

However, for the reason that a reversal and new trial on all issues is necessary in this matter as will be disclosed later in this opinion,

with a consequent new presentation of evidence, we find it unnecessary to consider this claimed error.

The second exception briefed by the respondent is to that portion of the lower court's instructions to the jury by which the jury was informed of the provisions of 23 V.S.A. §1191. Commonly known as the "Implied Consent Law," this section of the statute provides that the holder of an operator's license, under the Motor Vehicle Act, when arrested for driving while under the influence of alcohol, may be requested by the State Police to undergo certain medical tests for the presence of alcohol in the blood stream. The person arrested may refuse the tests so offered. However, if there is such refusal, the presiding judge of the court before which he is arraigned, if he finds that the arresting officer had good cause to make such arrest, and the refusal of the respondent to take such tests is unreasonable, shall suspend the respondent's license to operate a motor vehicle for a six-month period.

The results of such tests, when taken, may be received in evidence on the question of whether the respondent, so examined, was under the influence of alcohol at the time of his operation of the motor vehicle, and a court may properly charge the jury upon the results. The refusal to take such tests, however, is a privilege given to the respondent by the legislature. While it is true that by such refusal an accused may suffer a loss of the license granted him to drive an automobile by the State, such suspension, in itself, is not a conviction of a criminal offense.

By refusing this test the respondent did what he had an absolute right to do which was the intention of the legislature in enacting the statute. "The fact that a defendant did what he had an absolute right to do cannot be used to create any unfavorable inference against him." *People* v. *Stratton,* 1955, 286 App. Div. 323, 143 N.Y.S.2d 362, 365. By allowing evidence to come into a case of such refusal to take the test, and by the Court then instructing the jury upon such evidence of refusal, a respondent might well be condemned by inference for exercising a right given him under the law.

But the weakness of the position of this respondent upon the question he presents is that he allowed evidence that he refused to take such tests, as well as evidence on the nature of the tests that were

offered him, to come into the case without objection. Evidence that his refusal to take the offered tests would lead to a summary hearing and a consequent loss of license also came into the case without objection from the respondent. In the absence of proper objection made, the evidence so received was for the consideration of the jury. *Dieter* v. *Scott,* 110 Vt. 376, 383, 9 A.2d 95; *State* v. *Clark,* 118 Vt. 131, 155, 101 A.2d 868.

■ Because the evidence was for the consideration of the jury the trial court had the right, if not the duty, to instruct the jury as it did. The evidence received without objection did not make it clear that the respondent had the right to refuse the offered tests. The charge of the court made this plainly evident. Thus the respondent received a benefit from the charge of which he had not availed himself in the receiving of evidence. No error is found under the circumstances of the instant case.

An exception was also taken by the respondent to that portion of the court's charge in which the jury was instructed that there was no doubt that the respondent was in his car, and that the car was moving on the highway. The respondent admitted he was in his car, that the engine, which he had previously started, was running, but that he fell asleep and did not awaken until after his arrest at a time when he was in the police station. Such evidence does not dispute the positive testimony of the police officers that the car was in motion just prior to the arrest.

■■ But the essential part of the charge of the lower court was that the only question for the jury to consider, under the evidence, was that of the respondent being under the influence of alcohol at the time of his arrest, there being no question that he was operating his automobile at that time. By admittedly sitting behind the steering wheel of the car, with the engine running while the car was in motion on the highway, the respondent was operating the car under the provisions of 23 V.S.A. §1183. *State* v. *Storrs,* 105 Vt. 180, 184, 163 A. 560; *State* v. *Tacey,* 102 Vt. 439, 442, 150 A. 68, 68 A.L.R. 1353. As the lower court charged, the only question for the jury to consider was whether the respondent was under the influence of alcohol at the time of arrest. If there was any error in charging the jury that it was undisputed that the car was moving, which we do not find, it was

harmless in view of the undisputed evidence that the respondent was operating the car, which is the act forbidden by the statute.

 The last exception briefed by the respondent is to a fundamental right of all respondents, which respondent claims was denied him in the trial below. It is the contention of the respondent that comments of the trial court, directed to his counsel, prejudiced his case before the jury and denied him the right of a fair and impartial trial. "That it is the duty of the court to conduct a trial with utmost impartiality and fairness is elementary and fundamental." *Morse* v. *Ward,* 102 Vt. 433, 436, 150 A. 132, 133; Vt. Const. Ch. II, §28. The fundamental question here is whether or not what was done by the trial judge was prejudicial to the respondent. 3 Am. Jur. Appeal and Error, §1052. The party alleging abuse of judicial discretion has the burden of showing such abuse. *Ricci* v. *Bove's Executor,* 116 Vt. 335, 339, 75 A.2d 682.

At the very start of the case the court, upon objection being made to a question asked of a witness as leading, stated to counsel "It is leading but to get this case over faster we will take it." Upon a further objection being made by counsel under the rules of evidence, the court said "You are going to be stumbling block." The record also disclosed that at various times, without previous objection from the State, the court interrupted counsel's examination of witnesses with such remarks as, "have we got to suffer this?" and "Well, this is a merry go round." And at another point in the trial, after some argument with counsel over an evidentiary question the court remarked "Well, if we can't shut him up we will have to let him go."

The record of the case discloses an impatience on the part of the court with the trial tactics employed by counsel for the respondent.

The transcript would indicate that counsel for the respondent was somewhat lengthy and repetitious in his cross-examination of witnesses, and very zealous in his argument on disputed points of an evidentiary nature. Judges are but human under their robes and judicial tempers may wear as thin as those of other mortals, but the impartial nature of the judicial office requires a self-restraint from those that sit upon the bench which those in other occupations need not exercise.

 "While attorneys are expected to maintain a respectful attitude toward the Court, the latter should be equally careful to treat

counsel with proper courtesy and avoid every appearance of prejudice which might incline to influence the jury." *Commonwealth* v. *Stallone,* 281 Pa. 41, 126 A. 56, 57.

"There can be no doubt that in the eyes of a jury a client and his counsel are so closely associated that the belittling of the counsel is often prejudicial to the client." *Fisher* v. *Commercial National Bank,* 321 Pa. 200, 184 A. 57, 58.

■ The Constitution of Vermont, Chapter 1, Article 10, gives to anyone charged with a violation of the law a right to be heard by himself and counsel. An indication from the presiding judge, to whom a jury looks for guidance, that he belittles, or looks with disfavor upon the conduct of counsel could well be reflected in the consideration by the jury of the rights of the respondent whom that counsel represents.

In the case before us it is evident that the presiding judge went beyond his discretionary powers in the conduct of the trial in his remarks directed at respondent's counsel. Because such conduct may possibly have deprived the respondent of the fair and impartial trial to which he was entitled we must reverse the judgment below and return the case now before us to the lower court from which it came for a new trial on all issues.

*Reversed and remanded to the Barre Municipal Court for a new trial on all issues.*