## State of Vermont v. Arthur Dellveneri

[258 A.2d 834]

No. 76-68

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed October 7, 1969

*Ezra S. Dike,* State's Attorney, *James M. Jeffords,* Attorney General and *Fred I. Parker,* Deputy Attorney General, for the State.

*Conley & Foote,* Middlebury, for Defendant.

**Smith, J.** At a summary hearing held in the Vermont District Court, Addison Circuit, on the reasonableness of the respondent's refusal to submit to any of the tests to deter-

mine the alcoholic content of his blood as provided under the Implied Consent Law, 23 V.S.A. Secs. 1188–1194, inclusive, the respondent made a motion to dismiss the proceeding. The District Court, reserving its decision in the matter, under the provisions of 12 V.S.A. Sec. 2386, certified a question for determination by this Court:

> "Where a respondent is under arrest for driving while under the influence of intoxicating liquor, can he be found unreasonable in refusing to submit to a chemical test if the arresting officer has failed to advise him at the time of arrest of his constitutional right to be represented by counsel before requiring him to submit to a chemical test?"

The factual situation here is a simple one. The respondent was arrested by two State Police officers on March 9, 1968, while operating a truck on the public highway and who charged him with driving while intoxicated. After his arrest, the respondent was informed by the police officers that he had a choice of submitting to three tests to determine the amount of alcohol in his blood. At the same time he was informed that he had a legal right to refuse any of such tests, but that such refusal would result in a summary hearing before the District Court upon the reasonableness of his refusal. He was also informed that if the court found his refusal to submit to such tests to be unreasonable that his automobile driving license would be suspended for a period of six months.

The request and warning was repeated to the respondent at three different times by the police officers and respondent's reply after each of such requests was that he did not know what to do. At no time did the respondent request the assistance of a lawyer to aid him in making his decision.

The result was that no tests were applied to the respondent and a summary hearing on the reasonableness of his refusal was held before the Vermont District Court, Addison Circuit, from which question presented was certified here.

The contention of the respondent in his brief here, as it was before the District Court, was that the respondent being charged with a crime was entitled to be assigned counsel under 13 V.S.A. Sec. 6503 (a) for assistance in determining whether or not he should submit to the requested tests. Also claimed by

the respondent is that there was a duty on the part of the arresting officers to advise and warn him of his constitutional right to counsel, as provided in *Miranda* v. *Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694. Respondent's brief, taken as a whole, treats the summary hearing on his refusal to take the test for possible alcoholic content of his blood, and the possible resultant loss of his operator's license for a period of six months, as a criminal proceeding. In this viewpoint he is mistaken.

The statute, 23 V.S.A. 1188, states plainly that a person who operates or attempts to operate a motor vehicle upon a public highway of this state, is deemed to have given his consent to submit to the tests prescribed in the statutes for the purpose of determining the alcoholic content of his blood whenever he is under arrest for operating a motor vehicle while under the influence of alcoholic liquor or drugs. The statute is clear that a person who seeks the privilege of driving a motor vehicle on Vermont highways explicitly accepts the provision of this act as a prerequisite to being granted a license to become a motor vehicle operator.

■ ■ Whatever the law may be elsewhere, in Vermont the granting of a license to operate a motor vehicle has been held to be a privilege granted by the state, and such privilege is granted subject to reasonable conditions in the interests of public safety. *State* v. *Sawyer,* 126 Vt. 372, 375, 230 A.2d 781. One such condition is the operator's consent to submit to the alcoholic blood tests. *State* v. *Ball,* 123 Vt. 26, 30–31, 179 A.2d 466.

■ However, the law does not make it mandatory for the operator to submit to the taking of the tests prescribed in 23 V.S.A. Sec. 1188. He may refuse to take such tests, and if he so refuses, the tests cannot be given. Nor can such refusal to take the tests be used as evidence against the defendant in the criminal proceeding, over his objection. *State* v. *Hedding,* 122 Vt. 379, 382, 172 A.2d 599.

> "While it is true that by such refusal an accused may suffer a loss of the license granted him to drive an automobile by the State, such suspension, in itself, is not a

conviction of a criminal offense." *State* v. *Hedding, supra,* p. 382.

The real heart of the question certified here is whether the failure of the arresting officers to advise the respondent of his right to counsel before the respondent determined whether or not to submit to the alcoholic blood content tests violated his constitutional rights.

> "A criminal trial on a charge of operating a motor vehicle while under the influence of intoxicating liquor or drugs is a distinct and separate proceeding from a hearing to determine whether an operator's license should be suspended because of the holder's refusal to submit to a sobriety test." *State* v. *Muzzy,* 124 Vt. 222, 224, 202 A.2d 267.

The summary hearing is in the nature of an administrative proceeding and is the determination of a civil matter, involving only the question of whether the respondent should, or should not, be continued in his privilege as a licensed driver for a six months period.

We find no decisions of the United States Supreme Court that sustain the principle that counsel must be furnished a respondent in a civil proceeding. There is no provision in the Vermont statutes that provides for the furnishing of counsel to an indigent respondent in an administrative or civil action. The right to assistance of counsel in the United States and Vermont Constitutions relate directly to criminal prosecution. Amendment VI, U.S. Constitution; Ch. I. Art. X Vermont Constitution.

This defendant never requested counsel at any time before refusing to submit to the requested tests, nor, of course, was such a non-existent request denied. Such being the factual situation there is no need for us to take into consideration the case of *People* v. *Gursey,* 22 N.Y.2d 224; 239 N.E.2d 351–352, where a different factual situation existed in which a request for counsel was made by the defendant in that case before submitting to the tests provided under the laws of New York.

The answer to the question certified here must be in the affirmative. No duty is found to be imposed upon an arrest-

ing officer to inform a respondent of a right to counsel to assist him in making a decision upon a purely administrative matter, which is what is involved in a respondent's decision to submit to the tests provided for in 23 V.S.A. Secs. 1188–1194.