## State of Vermont v. Bruce J. Fernie

[285 A.2d 726]

No. 115-70

Present: Holden, C.J., Shangraw, Barney, Smith and Keyser, JJ.

Opinion Filed December 7, 1971

*Frank G. Mahady*, State's Attorney, and *Paul F. Hudson*, Deputy State's Attorney, for the State.

*Divoll & Buckley*, Bellows Falls, for Defendant.

**Barney, J.** The respondent was convicted of careless and negligent driving. The charge was based on a claim that the respondent failed to stop at a stop sign before entering an intersection. He appeals on several grounds and the conviction must be reversed.

The circumstances of the accident, developed by the testimony, and evidence of certain physical facts, disclose that a collision occurred in an intersection in which the vehicle of one Lowell, entering the intersection with the respondent's car coming from the right, struck the respondent's car on its left front door. The impact appears to have taken place to the left of the center line of the direction in which the Lowell car was traveling and to the right of the center line in the direction which the respondent was traveling. The accident happened at night, and the highways were snow covered and snow banked.

The stop sign in question was not at the intersection, but located some sixty feet back up the road on which the respondent approached the crossroads. It was the testimony of the respondent that he stopped. The only contrary evidence came from a passenger on the right front seat of the Lowell car, who said he saw the respondent come through the stop sign without stopping. Initially his testimony put the car lights in his view, but on cross-examination he revealed that what he had seen was the head light glow, not the head lights.

Having in mind that the accident happened at night, with roads snow banked, in an area of uneven terrain, the issue of that witness's ability to actually see whether the respondent had stopped at the stop sign or not was a central concern of the case. But when the respondent offered the testimony of another witness as to physical obstructions to that vision, as observed a few hours later, in daylight, it was excluded. The court's ruling foreclosed testimony as to objects interfering with vision or evidence as to views seen by cars approaching the intersection. This was prejudicial error. Deficiencies in the admissibility of such evidence might, of course, have later appeared, but the offered evidence was not only relevant but of the highest materiality. If believed, it tended

to refute the only evidence in the case that could conceivably support the verdict, and was proper as a matter of defense. *State* v. *Winters,* 102 Vt. 36, 64, 145 A. 413 (1929).

Since, for this reason, a reversal must be had, other allegations of error need not be treated, other than to say that, as the evidence was left in the case, an issue for the jury was presented. The withdrawal of his motion to dismiss indicated respondent was satisfied with the hearing given on the state's right to a *nolle prosequi.* Thus we do not have the issue of double jeopardy before us. We would, however, remind courts and prosecutors that whenever the right of the state to enter a *nolle prosequi* is conditioned upon approval by the court, there is a right in the respondent to be heard. The issue is similar to that of a probable cause hearing, except that a respondent has a right to insist on a judicially final discharge or else, in the alternative, to proceed with the trial, if the state's case indicates that the respondent may well be acquitted on trial. *State* v. *Roe,* 12 Vt. 93, 109 (1840). This is the issue that the trial court must decide, and upon which its discretion must operate.

It is clear from the record that both sides realize the charge in this case contained an incorrect statement with respect to the law governing the operation of motor vehicles at ordinary intersections governed by stop signs. This might well have misled the jury, but since the issue is not likely to again occur, and the question was imperfectly preserved, we do not deal further with it.

*Reversed and remanded for a new trial.*