### State of Vermont v. James E. McGrath

[296 A.2d 636]

No. 78-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Patrick J. Leahy,* State's Attorney, and *William O. Wuester,* Deputy State's Attorney, for Plaintiff.

*Langrock & Sperry,* Middlebury, for Defendant.

**Keyser, J.** This is an appeal from the conviction of operating a vehicle while under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201. Trial by jury on April 7, 1971, in the District Court of Vermont, Unit No. 2, Chittenden Circuit, resulted in a verdict of guilty. Defendant appealed engaging different counsel to represent him.

Prior to trial, counsel for the state and the then counsel for the defendant entered into the following stipulation of facts:

"1. That there was a blood sample taken from the person of James McGrath at the Mary Fletcher Hospital on

March 18, 1971, on or about 1:07 A.M. in the early morning hours of said date. This blood sample was validly taken from James McGrath's body and a blood test was validly administered pursuant to acceptable medical standards and practice.

2. That the test results of the taking of the blood from the said James McGrath on March 18, 1971, or (sic) or about 1:07 A.M. at the Mary Fletcher Hospital in the early morning hours of said date was 0.30 percent alcohol by weight of his body's blood.

3. The chain of custody as concerns the blood sample taken from the same James McGrath is unquestioned as concerns the reliability of said chain of custody.

4. That the test result of James McGrath as indicated of 0.30 percent alcohol by weight of his body's blood, which blood sample was validly taken as stipulated, placed the said James McGrath, the respondent herein, under the influence of intoxicating liquor on or about 1:07 A.M."

The main thrusts of this appeal relate to the admission into evidence of the foregoing stipulation showing the result of the blood test; whether the admission of the stipulation violated constitutionally protected rights of the defendant; and certain errors claimed to have been committed in the conduct of a reasonableness hearing as provided in 23 V.S.A. § 1205 prior to the trial.

Defendant's first claim of error centers around the admissibility into evidence of the results of the blood test as shown by the stipulation. He argued below prior to the introduction of any evidence that effective January (sic—July) 1, 1970, "any test taken pursuant to the statute must be tested at the Health Lab." He stated that the test was made at the hospital laboratory, a fact not then, but later, shown by the evidence, and, therefore, he contended that the test was not admissible.

The stipulation was filed in the case five days before trial. It stood as an unequivocal concession of all of the facts recited therein. Thus, it had the force of a "judicial admission" and dispensed with proof of those facts by the state as such admission was conclusive. *Wiley* v. *Rutland R. Co.*, 86 Vt. 504, 508, 86 A. 808 (1913). The court overruled defend-

ant's contention in reliance upon the stipulated facts. As the case then stood, the court's ruling was without error.

Thereafter, the stipulation was read into the record before the jury by counsel for the state in his opening statement to the jury without objection by the counsel for the defendant. The state again referred to it during its examination of Dr. Lawrence Harris, the state pathologist, without objection by defendant's counsel. The court also included the facts in the stipulation in its charge to the jury to which no exception was taken. In fact, at no time did counsel for the defendant object to the contents of the stipulation being presented to the jury at trial. Furthermore, defendant's counsel took advantage of the time and result of the test as stated in the stipulation in his cross-examination of Dr. Harris.

■ Established rules of appellate procedure limits appellate review to questions raised at the trial.

In *State* v. *Ladabouche,* 127 Vt. 171, 174, 243 A.2d 769 (1968), this Court held that:

> "An objection to evidence must be made at the time it is offered. Where evidence comes in without objection, all right of objection is waived. No question may be brought to this Court except upon which it is made to appear that the trial court has had fair opportunity to pass judgment." Citations omitted.

Although the counsel for the defendant argued against the admissibility of the stipulation before the district judge prior to trial, he did not offer any objection to the stipulation becoming a part of the record and read into evidence before the jury.

In *State* v. *Hedding,* 122 Vt. 379, 172 A.2d 599 (1961), an appeal was taken from a conviction by jury of operating a motor vehicle while under the influence of intoxicating liquor. The respondent claimed the trial court erred in allowing evidence to be introduced into the case concerning his refusal to take a chemical test. The respondent further argued that he might well be condemned by inference for exercising the right given by law to refuse the test. The Court answered this point in stating at 122 Vt. at 382–83:

> "But the weakness of the position of this respondent upon the question he presents is that he allowed evidence that he refused to take such tests, as well as the evidence on the nature of the tests that were offered him, to come into the case without objection. . . . In the absence of proper objection made, the evidence so received was for the consideration of the jury."

See also *State* v. *Clark*, 118 Vt. 131, 135, 101 A.2d 868 (1954).

On the exact point of admissibility of a questionable blood test introduced into evidence without objection, this Court said in *State* v. *Ball*, 123 Vt. 26, 31–32, 179 A.2d 466 (1962):

> ". . . [W]e are constrained to say . . . that the statutes require that blood alcohol tests be made according to their provisions for them to be admissible to prosecutions for drunken driving, *unless* the respondent . . . does not object to the admission into evidence of test results." (Emphasis added.)

██ ██ The defendant argues that the results of the blood test should have been barred from the case since there was an obvious misrepresentation as to its future use. A careful search of the transcript in the criminal case fails to lend any support to this assertion. It appears this point arises only from the testimony in the reasonableness or summary hearing. The record in that proceeding is separate and distinct from, and not a part of, the criminal case. Thus, it is not before us for consideration. As we held in *State* v. *Dellveneri*, 128 Vt. 85, 88, 258 A.2d 834 (1969), and *McGarry* v. *Costello*, 128 Vt. 234, 239, 260 A.2d 402 (1969), the summary hearing is in the nature of an administrative proceeding and is the determination of a civil matter involving only the question of whether the defendant should have his license suspended for six months. It was also there said that the questions at the summary hearing and the issues at the criminal trial are distinctly different. Thus, this contention of misrepresentation is without foundation in the evidence.

██ Defendant argues that the court erred in relying on its findings at the reasonableness hearing in resolving the issue of admissibility of the blood test in the criminal trial. The court at the outset of the trial improperly called the attention

of the jury to its unauthorized finding in the summary hearing. However, the facts then referred to in the stipulation of the parties coincided closely with what the court stated to the jury. On the basis of the record presented in this case, we are satisfied, and can only conclude, that the rights of the defendant were not injuriously affected thereby, disclosing as it does no showing of objective harm.

The defendant raises the issue that the admission of the blood test result violated his constitutionally protected rights since the defendant was incapable of consenting to a blood test.

A constitutional right is not incapable of being waived by a respondent in a criminal proceeding. In discussing the constitutional right to trial by jury, Mr. Justice Brewer, writing for the majority in *Shick* v. *United States*, 195 U.S. 65, 24 S.Ct. 826, 49 L.Ed. 99, 103 (1904), said:

> "When there is no constitutional or statutory mandate, and no public policy prohibiting, an accused may waive any privilege which he is given the right to enjoy."

Also to the same effect, see the opinion by Chief Justice Shaw in *Commonwealth* v. *Dailey & another*, 12 Cush. 80 (Mass. 1853), and *State* v. *Worden*, 46 Conn. 349 (1878).

A waiver of a constitutional right is allowed ". . . provided the waiver is made voluntarily, knowingly, and intelligently" declared Chief Justice Warren in referring to the constitutional rights to remain silent and to be assisted by counsel in *Miranda* v. *Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694, 707 (1966).

In *State* v. *Morrill*, 127 Vt. 506, 253 A.2d 142 (1969), the respondent raised the point that the trial court's charge to the jury invaded the province of the jury so as to deny the respondent's constitutional right to trial by jury. The record, however, showed that no exception in this respect was taken to the court's charge to the jury. This Court said at 127 Vt. at 511:

> "In order to reach the question attempted to be raised we must first decide whether this is one of those rare and extraordinary cases where a glaring error occurred during the trial and was so grave and serious that it strikes

at the very heart of the respondent's constitutional rights. It is only in this context that we will examine the case and determine whether the record indicates it is of this character since the question is not otherwise properly before this court."

█ The facts in this case do not show such "glaring error." Counsel for the respondent allowed the results of the blood test to be given in evidence through the stipulation which properly came into the case. And he used the results of the test in his cross-examination of Dr. Harris in an attempt to show that the level of alcoholic content was less than that in which intoxication is presumed by statute.

A case of similar import is that of *Application of Reynolds*, 397 F.2d 131 (3d Cir. 1968), an appeal from the denial of petitions for writs of *habeas corpus*. It was alleged that certain confessions introduced at trial were coerced and involuntary, thus making convictions of first degree murder constitutionally infirm. However, the court, in reviewing the record, found that the appellants' counsel "deliberately, unequivocally and reasonably waived any objection to such confessions and their admission into evidence."

█ It cannot be said as a matter of law on the record before us that the defendant did not voluntarily, knowingly and intelligently waive any constitutional right that he may have had to exclude the evidence of the result of his blood test from the jury.

The respondent also raises questions as to the conduct of the reasonableness hearing authorized by 23 V.S.A. § 1205, that took place prior to and separate from the criminal trial. Questions arising in that proceeding are not before the court for lack of jurisdiction to consider such questions. See *State v. Muzzy*, 124 Vt. 222, 225, 202 A.2d 267 (1964); *State v. Laplaca*, 126 Vt. 171, 174, 224 A.2d 911 (1966).

We are convinced that the jury's verdict should not be disturbed since it has not been demonstrated that the court committed reversible error.

*Judgment affirmed.*