# State of Vermont v. Lawrence Jacques

[296 A.2d 246]

No. 117-71

Present: Shangraw, C.J., Barney, Smith, Keyser and Daley, JJ.

Opinion Filed October 3, 1972

*Kimberly B. Cheney,* State's Attorney, for Plaintiff.

*Robert J. Kurrle, Esq.,* of *Richard E. Davis Associates.* Barre, for Defendant.

**Barney, J.** This is an appeal from a conviction of driving while intoxicated. The respondent was also charged with careless and negligent driving, but the State entered a *nolle prosequi* to this charge during trial. The respondent advances a number of claims of error which he asserts are sufficiently prejudicial to require reversal. Trial was by jury.

The matter began when two witnesses operating a pick-up truck in Barre were confronted by another truck coming at them in their traffic lane at a high rate of speed. A collision was narrowly averted and the witnesses continued on their errand. Returning along the same street shortly after, they came upon an accident in which this same truck had turned over. Just before their return a taxi driver had stopped at the scene and found the respondent sitting on the lawn next to the overturned truck. At the time no one else was at the scene, and the taxi driver left to get word to the respondent's brother of the accident and that the respondent seemed to be hurt. The brother immediately went to the scene, picked up the respondent and took him to the hospital. Meanwhile,

a uniformed constable of Barre Town had already arrived and talked with the respondent, whom he found staggering around. The respondent told this officer that there had been nobody with him. The respondent smelled of intoxicants and the officer testified that he was under the influence of intoxicating liquor. The respondent was noisy and the officer attempted to quiet him down. He found two bottles of beer in a six-pack container about twenty feet from the truck and the respondent came up and took the officer, who was uniformed, by the arm and said, "Get rid of that before the cops come."

At the hospital it was apparent to the two nurses and the doctor in attendance that the respondent had been drinking. He himself acknowledged the consumption of "a couple of beers". One of the nurses stated that the respondent was under the influence of intoxicants when she saw him, another qualified her opinion by saying that he was under the influence to some degree. The accident had happened somewhere about 8:30 P.M. When the respondent was seen by the doctor at about 11 P.M. the doctor stated that he must have been drinking "because you could smell it." He also stated that although at that time he could not tell to what degree what he had had to drink would have affected his behavior, it would have had some effect. All of this evidence was available for the jury in arriving at its verdict.

The respondent first claims error in that, he says, the state's attorney made an opening statement saying that the officer reported that the respondent had said there was nobody else in the truck with him. When the actual evidence came in it might be said to be a little more equivocal than that. This is, of course, available to the respondent for argument to the jury as to failure of the state to establish the case it claimed. But it is hardly prejudicial error, in light of the fact that the respondent acknowledged to the doctor that he was driving the truck. An examination of the officer's testimony discloses that it does, in fact, represent evidence that the respondent acknowledged he was alone in the truck. There is no error.

The respondent complains now of the court's failure to instruct the jury regarding the amount of alcohol required to place the respondent under the influence of intoxicating liq-

uor. Whether or not any such instruction may ever be proper, the respondent's position is compromised by his failure to make known to the court any objection at all to the charge. To the contrary, he stated he was satisfied with the charge as given. Thus, he has no grounds for complaint here, absent grave error. *State* v. *Morrill,* 127 Vt. 506, 510–11, 253 A.2d 142 (1969).

█ █ As to the gravity of the claimed omission, it should be pointed out that if the case is not one involving the issues of 23 V.S.A. §§ 1202–1205, the concern of 23 V.S.A. § 1201 and its predecessors (see annotations under former 23 V.S.A. § 1183) is with the fact of being under the influence, whatever the measure of alcoholic beverages necessary to produce that physical state. Evidence of objective symptoms supporting the existence of that state may be sufficient. See *State* v. *Magoon,* 128 Vt. 363, 367, 264 A.2d 779 (1970). Thus the claimed shortage in the instructions was unfounded, in any event.

█ The respondent complains of the failure of the trial court to conduct a hearing on the granting of a *nolle prosequi* on the issue of the careless and negligent driving count. It is conceded that no objection to the ruling was made on behalf of the respondent when it was made. The respondent does have a right to a hearing when the *nolle prosequi* can be entered only with the approval of the court. *State* v. *Fernie,* 129 Vt. 605, 607, 285 A.2d 726 (1971). But this right, as is true of most such rights, must be advanced to the court or its failure to accord the right objected to, if it is to be insisted upon before this Court. Unless no opportunity is given to make any objection, the burden is on the respondent to make known his insistence on the right to the court below. This is not accomplished by a statement to the court on behalf of the respondent that there was no objection to the *nolle prosequi,* as was the case here. *State* v. *Fernie, supra.* 129 Vt. at 607.

█ The respondent asks us to find reversible error in the conduct of the examination of the respondent's brother by the state. It is his claim that this amounted to an improper injection of the character of the respondent into the case when not put in issue by the respondent himself. This does not adequately state the situation when the claimed prejudicial testi-

mony came in. The witness on the stand was testifying at variance with his testimony taken at an inquest. The direction of the inquiry was the state of sobriety of his brother, the respondent, as evidenced by his loud talk. The testimony, claimed prejudicial, identified that conduct as evidence of the influence of intoxicants on the respondent as observed by the witness. When he took an inconsistent position on trial, this prior testimony was read to him in the presence of the jury, the reading being done at the invitation of respondent's counsel. Under the circumstances the testimony was properly before the jury, and no claim of error can be predicated thereon.

During the trial the judge excluded the evidence relating to a blood test. However, at a later point in the trial the court itself inquired of the respondent's physician as to whether he had asked the respondent to take a blood test. To this question the doctor replied, "Yes". The examination on that point then stopped and no evidence was presented as to whether or not the respondent acquiesced, refused or made any reply to that request. This would bring the matter close to the condemnation in *State* v. *Hedding*, 122 Vt. 379, 382, 172 A.2d 599 (1961), even though no evidence of the respondent's refusal to take the test was put in. In some cases speculation by the jury that a test was refused because it might establish his intoxicated condition, could be thus improperly induced.

In this case, however, the situation developed by the evidence amounted to the reverse. It did come before the jury that a test was given, through other evidence. Thus there was no evidence of a refusal to incite such speculation. The evidence before the jury without objection was that his condition was such that he was physically incapable of giving or withholding his consent. In the presence of such evidence the question asked by the trial court assumes the dimensions of harmless error.

By way of his motions for a directed verdict, for a new trial and for judgment notwithstanding the verdict, the respondent preserved his challenge to the sufficiency of the state's evidence on two essential elements of the state's case. He contends that the evidence was insufficient to meet the standard of reasonable doubt and support a verdict of con-

viction, both as to operation of the vehicle and as to the state of being under the influence. His view of the evidence is in large part, however, taken in the aspect favorable to the respondent. We are required to review its sufficiency in the light most favorable to the prosecution, excluding the effect of any modifying evidence. *State* v. *Bishop & Jones*, 127 Vt. 11, 12, 238 A.2d 772 (1968). So viewed, the evidence already recited, as revealed by the record of the case, is found by this Court sufficient in law to support the verdict.

*Judgment affirmed.*