### State of Vermont v. Michael A. Brean

[385 A.2d 1085]

No. 197-76

Present: Barney, C.J., Daley, Larrow, Billings and Hill, JJ.

Opinion Filed April 4, 1978

*Gregory W. McNaughton,* Washington County State's Attorney, Montpelier, for Plaintiff.

*Cheney, Brock & Sidel,* Montpelier, for Defendant.

**Daley, J.** Defendant-appellant was convicted, upon an information amended during trial, of violating 23 V.S.A. § 1201 (a)(2), operating a motor vehicle under the influence of intoxicating liquor. Defendant appeals that conviction, claiming: (1) that the trial court erred in permitting the State, after the close of the State's case, to amend the information; and (2) that 23 V.S.A. § 1205(a), which makes a defendant's refusal to submit to a chemical test admissible in evidence in a criminal proceeding, violates his privilege against self-incrimination.

The information brought against defendant initially charged "[t]hat Michael A. Brean, of Cornwall Brdg., Conn., in the State of Connecticut, County of ..........................., on the

12th day of December, 1975, at Montpelier in Territorial Unit No. 5, did then and there operate a vehicle, to wit, a 1974 Chevrolet Blazer bearing Connecticut registration 4056GL, on and along a public highway, to wit, River Street, while under the influence of intoxicating liquor, in violation of 23 V.S.A. 1201(a) (2)." At the close of the State's case, defendant moved to dismiss on the ground that the information alleged the offense occurred in the State of Connecticut rather than in the State of Vermont. Over defendant's objection, the trial court permitted the prosecutor to amend the information by crossing out the word "Connecticut" and replacing it with the word "Vermont," and by inserting the word "Washington" in the blank space after "County of." Defendant asserts here that the lower court should not have permitted the information to be amended at the close of the State's case. The State argues, however, that the amendment which occurred in this case is precisely that contemplated by V.R.Cr.P. 7(d). We agree.

█ Under V.R.Cr.P. 7(d), the trial court may permit an information to be amended at any time after trial has commenced and before verdict for any purpose "if no additional or different offense is charged and if substantial rights of the defendant are not prejudiced." The State's information, prior to amendment, clearly informed the defendant of the offense with which he was charged, driving under the influence of intoxicating liquor in violation of 23 V.S.A. § 1201 (a) (2). The permitted amendment did not charge an additional or different offense; both before and after amendment, the nature of the offense remained exactly the same. Defendant does not contend that his substantial rights were prejudiced by the amendment, and we can find no prejudice from a review of the record. The information as originally drawn informed defendant that the offense occurred "on the 12th day of December, 1975, at Montpelier in Territorial Unit No. 5 . . . on and along a public highway, to wit, River Street. . . ." Defendant had deposed the arresting officer prior to trial, and had pursued other discovery options. The officer's affidavit of probable cause set forth that the offense occurred in Vermont. Defendant obviously understood when and where the alleged offense took place. That defendant was

not "surprised" by the amendment is evidenced, in part, by the fact that he made no motion for continuance at the time the motion to amend was granted. Having in mind that our Criminal Rules are designed to eliminate technicalities in criminal pleading and are to be construed to secure simplicity in procedure, fairness in administration, and elimination of unjustifiable expense and delay, the trial judge did not abuse his discretion in allowing the amendment. V.R.Cr.P. 2; *State v. Christman*, 135 Vt. 59, 370 A.2d 624 (1977).

Defendant's second claim of error involves the constitutionality of 23 V.S.A. § 1205(a), which provides for the admission in evidence of an individual's refusal to submit to a chemical test. A Montpelier police officer, suspecting that defendant was driving under the influence of intoxicating liquor, stopped defendant's car. After several preliminary tests, the officer decided to administer a breath test to defendant. He read to defendant the State's "implied consent form," a form read to individuals preparatory to a request that they submit to a chemical test of their blood or breath to determine its alcoholic content. The form explains the State's implied consent law, repeating the language of 23 V.S.A. § 1205(a):

> If you refuse to submit to a chemical test, it shall not be given, but such refusal may be introduced as evidence in a criminal proceeding.

Following this explanation, defendant consented to take the breath test. At trial, the results of the breath test were admitted into evidence over defendant's objection.

Defendant contends the portion of 23 V.S.A. § 1205(a) that authorizes admission in evidence of a refusal to take a chemical breath test is a violation of his privilege against self-incrimination, as secured by the Fifth Amendment of the United States Constitution and Chapter I, Article 10 of the Vermont Constitution. Since defendant actually consented to take the breath test, no refusal was ever admitted into evidence. Defendant argues, however, that the giving of erroneous advice in order to induce his consent deprives him of due process of law.

The vitality of defendant's due process argument rests upon the soundness of his initial self-incrimination claim. We have no doubt that the giving of constitutionally erroneous advice in this setting by an officer of the State, which advice forms a basis for the individual's crucial decision, would vitiate any purported consent. Cf. *State* v. *Welch*, 135 Vt. 316, 376 A.2d 351 (1977). We do not agree, however, with defendant's premise that the advice given here, and expressly authorized by statute, is constitutionally infirm.

The Legislature undoubtedly could not engraft a condition upon a *constitutional* right that would, in effect, penalize the exercise of that right. *Doyle* v. *Ohio*, 426 U.S. 610 (1976); *Griffin* v. *California*, 380 U.S. 609 (1965). Defendant seems to argue that the admission of any refusal evidence, as allowed by 23 V.S.A. § 1205(a), constitutes a penalty on the exercise of his privilege against self-incrimination. U.S. Const., amend. V, XIV; Vt. Const., ch. I, art. 10. The problem with defendant's argument, however, is that he had no constitutional right, either state or federal, to refuse to take the test. *Schmerber* v. *California*, 384 U.S. 757 (1966); *State* v. *Pierce*, 120 Vt. 373, 141 A.2d 419 (1958). Defendant's argument that the Vermont Constitution's self-incrimination provision is broader than its federal counterpart, because of the use of the word "evidence" instead of "witness," is not persuasive. Both this Court and the United States Supreme Court have recognized that the various state and federal constitutional provisions relating to self-incrimination, although using slightly variant phraseology, have a common origin and a similar purpose. *Schmerber* v. *California, supra,* 384 U.S. at 761 n.6; *State* v. *Pierce, supra,* 120 Vt. at 378, 141 A.2d at 422-23.

 The right to refuse to submit to a blood or breath test in Vermont is a creature of statute, 23 V.S.A. § 1205, and not the Federal or State Constitutions. Since the Vermont Legislature has deemed fit to grant suspected intoxicated drivers more "protection" than is constitutionally required, the proper question is not, as defendant suggests, whether refusal evidence is testimonial or communicative in nature and thereby protected by the cloak of the Fifth Amendment, but rather whether the Legislature possesses the power to

place a condition upon the grant of a statutory right. We think it eminently clear that it does. Since the right to refuse to submit to the test is a matter of legislative grace or privilege, *State* v. *Hedding*, 122 Vt. 379, 382, 172 A.2d 599, 601 (1961), the Legislature may properly condition the exercise of that right by providing that any refusal may be introduced as evidence in a criminal proceeding. *State* v. *Dellveneri*, 128 Vt. 85, 258 A.2d 834 (1969), which noted in dictum that refusal to take the test could not be used in evidence against the defendant in a criminal proceeding, and *State* v. *Hedding*, 122 Vt. 379, 172 A.2d 599 (1961), upon which *Dellveneri* relied, are no longer viable regarding this point under the present statutory scheme. At the time *Dellveneri* and *Hedding* were decided the applicable statute, while providing that the individual had a right to refuse to take the test, did not expressly state that such a refusal would be admissible in evidence in a criminal proceeding, as is provided by the present statute. The *Hedding* Court stressed that the then statutory scheme bestowed upon a motorist the absolute right to refuse to take the test. Consequently, the Court concluded that the fact that the motorist did what he had an absolute right to do could not be used to create any unfavorable inferences against him. *Hedding, supra,* 122 Vt. at 382, 172 A.2d at 601. Under the present statute, however, the motorist's refusal right is not absolute, but has been made expressly conditional—a change that is manifestly within the prerogative of the Legislature.

We hold that the admission of refusal evidence, as expressly authorized by 23 V.S.A. § 1205(a), does not violate defendant's privilege against self-incrimination; accordingly, there was no deprivation of defendant's due process rights.

*Judgment affirmed.*