**State of Vermont v. Tamsen Vanderlas**

[483 A.2d 263]

No. 82-526

Present: **Hill, Underwood, Peck and Gibson, JJ., and Barney, C.J. (Ret.),**
**Specially Assigned**

Opinion Filed September 7, 1984

*Timothy W. Shanley*, Washington County Deputy State's Attorney, Barre, for Plaintiff-Appellee.

*Skinner, Rubin & Rieser*, Barre, for Defendant-Appellant.

**Hill, J.** The defendant was convicted of driving while under the influence of intoxicating liquor (DUI) in violation of 23

V.S.A. § 1201(a) (2). On appeal, she claims that the trial judge erred in making a pretrial ruling preventing her from presenting any evidence in support of her defense of entrapment. We agree with the defendant and therefore reverse and remand for a new trial.

On the night of her arrest, the defendant had been a passenger in a car when the police stopped the car and arrested the driver for drunk driving. For some unexplained reason, the police administered a breath test to the defendant, as well as the driver, and determined that the defendant's blood alcohol content, at that time, was .13 percent. The police then drove the defendant to her car, which was parked in a dark and deserted parking lot near her place of employment, left her alone, and told her not to drive for two hours.

The defendant claimed, in her offer of proof on the issue of entrapment, that on the night she was arrested she had no intent to drive, and that she had left her car at work and had made every effort to avoid driving. She argued that she would not have driven and therefore would not have been arrested subsequently for DUI if the police had telephoned a friend or relative to ask one of them to get her at the police station, rather than drive her to her car and leave her there while she was still intoxicated.

During jury selection, the state's attorney objected to the introduction of evidence regarding an entrapment defense. The court sustained the objection, thus preventing the defendant from presenting any testimony to the jury that the police had driven her to her car, knowing she was drunk, and then let her drive off.

A defendant has the burden of proving the affirmative defense of entrapment by a preponderance of the evidence. *State* v. *Wilkins*, 144 Vt. 22, 25, 473 A.2d 295, 296 (1983). The defendant in this case must convince the jury that for the purpose of obtaining evidence of the commission of an offense, the police induced or encouraged her to drive her car while intoxicated by using methods of persuasion or inducement that created a substantial risk that she would commit the crime, even though she was not " 'ready to commit it.' " *Id.* at 29, 473 A.2d at 299 (quoting Model Penal Code § 2.13(1) (b) (Proposed Official Draft 1962)). The defendant

is not required, however, to prove the defense of entrapment in her offer of proof. The offer of proof must be specific enough only to point to facts which, if proved, would be admissible because relevant to an issue in the case. *State* v. *Warshow,* 138 Vt. 22, 29, 410 A.2d 1000, 1004 (1979) (Billings, J., dissenting) ; *State* v. *Lucia,* 104 Vt. 53, 58, 157 A. 61, 63 (1931). Thus, the test in determining whether the trial court should have allowed the introduction of evidence relating to entrapment is whether the offer of proof was sufficient to show that the tendered evidence is relevant and material. *State* v. *Fernie,* 129 Vt. 605, 606, 285 A.2d 726, 727 (1971).

We think the defendant made a sufficiently concrete and specific offer of proof of the existence of the elements of entrapment to raise a question for the jury. Therefore, we hold that the trial court erred in preventing the defendant from producing evidence in support of the defense.

*Reversed and remanded.*