## STATE OF FLORIDA v MOORE
### Case No. 37931,2 IG
County Court, Dade County

June 8, 1989

**APPEARANCES OF COUNSEL**

**Maria Brolley,** Assistant State Attorney, for plaintiff.

**Michael A. Catalano,** Esquire, for defendant.

### OPINION OF THE COURT

JUAN RAMIREZ, JR., County Judge.

### *ORDER OF ACQUITTAL*

### *ENTRAPMENT*

THIS MATTER came before the Court for non-jury trial on a citation for driving under the influence of alcohol (DUI). The defendant raised the defense of entrapment by way of motion to dismiss, as well as on the merits. The Court heard the motion to dismiss jointly with the non-jury trial. After reviewing the testimony of five witnesses, argument of counsel and the law, this Court finds as follows:

The defendant is a pilot for a commercial freight airline. He arrived in Miami at approximately 10:00 p.m. on May 18, 1988, the evening

before his arrest. He had been flying to and from Central America for two or three consecutive days. The defendant went to an eating and drinking establishment in Miami Springs near the airport and came upon his friend Jack Webster. Mr. Webster is also an airline pilot who flies commercial cargo to and from Central America.

Mr. Webster had rented a room at the Parkway Motel to use before his scheduled flight departure. He had paid for the room and had authority to use the room until checkout time the following morning at 11:00 a.m. Mr. Webster gave the defendant permission to use his room and informed the front desk clerk that the defendant would be using his room.

After Mr. Webster departed, the defendant had some drinks of alcoholic beverages and was walking to his room to sleep until the next morning. On his way to the room, the defendant encountered a woman who was having difficulty with a man in the parking lot. The defendant allowed the woman to enter the room to use the telephone. When she attempted to call a taxi through the switchboard, the front desk clerk recognized the woman's voice and became upset that she was in one of the motel rooms.

The lady at the front desk proceeded to call the police in an effort to remove the defendant and the woman from the room. When the police arrived, the woman immediately left the area. During a heated argument with the police, the defendant was ordered off the premises by two Miami Springs police officers. The defendant, who had only a few dollars in cash and some credit cards, offered to pay for another room with a credit card. The front desk clerk refused and the police ordered him to leave the property or face arrest. Mr. Moore had driven his automobile to the motel. He lived in Miami Beach, approximately 15 miles away. It was now 4:00 a.m.

The defendant walked across the street to a bar. After the police had apparently departed, he walked back and attempted to drive home. Two blocks away another Miami Springs police officer stopped Mr. Moore for weaving and having a broken tail light.

Entrapment is not a defense generally encountered in DUI cases. The circumstances of this particular case, however, persuade this Court to find that the defendant was entrapped.

Under the analysis enunciated in *Cruz v State*, 465 So.2d 516 (Fla. 1985), the threshold test is whether the police activity had as its end the interruption of a specific ongoing criminal activity and utilized means reasonably tailored to interrupt it. Clearly, the officers were not

interrupting any criminal activity on the part of Mr. Moore. He was going to sleep when they ordered him off the premises.

The second prong of the *Cruz* threshold test shows that the officers in this case not only encouraged the illegal conduct but actually ordered the defendant off the premises in the early morning hours while he was obviously inebriated. They made no arrangement for his transportation and, in fact, made no inquiry as to how he would carry out their order. These methods of persuasion or inducement created a substantial risk that the offense of DUI would be committed by someone who was not ready to commit it.

In *Pezzella v State,* 513 So.2d 1328 (Fla. 3d DCA 1987), the Court found it reprehensible that a drug addict should be enticed to participate in an illicit drug sale by promising him drugs for his personal use. Likewise, ordering an individual who is under the influence to leave a motel room at 4:00 a.m. without expressing any concern as to his mode of transportation constitutes inappropriate police conduct which should not be tolerated.

This Court has found no Florida cases discussing entrapment in the context of DUI cases. There are, however, cases from other jurisdictions which are helpful. See *State v Bisson,* 491 A.2d 544 (Me. 1985); *Noles v State,* 296 S.E.2d 768 Ga. 1982); *State v Vanderlas,* 483 A.2d 263 (Vt. 1984). The closest to our situation can be found in *People v Kolaski,* 382 N.W.2d 833 (Mich. App. 1985), where the Court found that the officers did not have a duty to prevent crime when they left the defendant in a van three miles from his destination. The majority held that the officers' conduct was not sufficiently provocative to induce a normal law-abiding citizen to drive away. The dissent argued that the officers had a duty to assure that the defendant would not drive away and that, under the circumstances, he was given little choice but to violate the law.

Given the serious penalties attached to DUI convictions, police officers cannot be allowed to adopt such a cavalier attitude as in *Kolaski* or here. Florida courts have adopted a more expansive view of entrapment. *Brown v State,* 484 So.2d 1324, 1327 (Fla. 3d DCA 1986).

Following the *Cruz* decision, the Florida legislature enacted Fla. Stat. Section 777.201 (1987) which provides as follows:

(1) A law enforcement officer, a person engaged in cooperation with a law enforcement officer, or a person acting as an agent of a law enforcement officer perpetrates an entrapment if, for the purpose of obtaining evidence of the commission of a crime, he induces or encourages and, as a direct result, causes another person to engage in

conduct constituting such crime by employing methods of persuasion or inducement which create a substantial risk that such crime will be committed by a person other than one who is ready to commit it.

(2) A person prosecuted for a crime shall be acquitted if he proves by a preponderance of the evidence that his criminal conduct occurred as a result of an entrapment. The issue of entrapment shall be tried by the trier of fact.

This Court finds that the defendant has shown by a preponderance of the evidence that he was entrapped. The statute, which was effective October 1, 1987, apparently abrogates the *Cruz* decision by preventing the Court from ruling on the issue of entrapment in a pretrial motion. However, since this Court was also the trier of fact, the defendant is hereby acquitted on the merits. The net effect is to prevent the State from seeking review of this ruling.

This is not to say that whenever a police officer orders someone to leave a particular place and this individual drives away, entrapment would be found in every case. But in the situation here, the defendant had a right to be in the motel room. The front desk clerk may have had a problem with the female, but not with Mr. Moore. Once the female left, the defendant should not have been ordered to leave.

Not only was it entirely predictable that the defendant would drive off the premises, but the fact that he was arrested two blocks away minutes later lead this Court to conclude that the conduct of the officers must have had as its purpose obtaining evidence of the commission of a crime by one who was not ready to commit it. This is precisely what the above statute forbids.

DONE AND ORDERED, this 8th day of June, 1989, at Miami, Florida.