STATE of Vermont v. Thomas F. BEYOR

[641 A.2d 344]

No. 93-019

September 24, 1993. The State appeals the grant of a motion to suppress evidence of the blood test taken from the defendant pursuant to a nontestimonial identification order. We affirm.

Defendant was the operator of a motor vehicle involved in an accident on November 17, 1991, in which a passenger received fatal injuries. An investigating officer at the scene smelled the odor of alcohol on defendant's breath and noted that his eyes were bloodshot. Defendant told the officer that he had consumed two beers prior to the accident. Defendant's injuries prevented the performance of dexterity tests or an alcosensor test at the accident site.

Defendant was brought to a hospital, where another officer processed him for driving under the influence of alcohol. The officer advised defendant of his rights under *Miranda v. Arizona,* 384 U.S. 436 (1966), and his implied consent rights under 23 V.S.A. § 1202(d). Defendant consulted with an attorney after each of the rights were explained, and exercised his right to refuse the test pursuant to 23 V.S.A. § 1202(b).*

Following the refusal, the investigating officer sought and obtained a nontestimonial identification order pursuant to V.R.Cr.P. 41.1, which authorized the hospital staff to draw a sample of blood from defendant. The sample was drawn, analyzed by a Vermont Department of Health chemist, and indicated that defendant's blood alcohol level at the time of the test was .093. Defendant moved to suppress the test results on the ground that the sample was obtained in violation of his right to refuse to submit to an evidentiary test under 23 V.S.A. § 1202, which he contends provides the exclusive method for obtaining an evidentiary test. The trial court agreed and the State appeals.

The State contends that the plain language of the statute must give way to the true intent of the Legislature, which is to eliminate the threat to public safety posed by drunk driving. It argues that the Legislature could not have meant to permit the suspect to deprive law enforcement of the means to obtain an evidentiary test. This, however, is precisely what the statute does. Under the statute, a person who operates a motor vehicle is deemed to have given consent to an evidentiary test for the purpose of de-

---

* Section 1202(b) states: "If the person refuses to submit to an evidentiary test it shall not be given, but the refusal may be introduced as evidence in a criminal proceeding."

termining the person's blood-alcohol concentration. 23 V.S.A. § 1202(a). The statute then clearly and unequivocally provides that if a person refuses to submit to a test it shall not be given. *Id.* § 1202(b). The consequences for refusal of a reasonable request for an evidentiary test are a license suspension for at least six months, *id.* § 1205, and the admissibility of the refusal at trial, *id.* § 1202(b).

When statutory language is plain and unambiguous, this Court must enforce it according to its terms. *State v. Caron,* 155 Vt. 492, 512, 586 A.2d 1127, 1138 (1990). While we are not confined to a plain meaning interpretation if it contradicts the intent of the Legislature, *In re C.S.,* 158 Vt. 339, 343, 609 A.2d 641, 643 (1992), in this case the State has not demonstrated an intent contrary to the language of § 1202(b). The existence of sanctions shows that the possibility of refusal was taken into account. Had the Legislature intended otherwise, § 1202(b) could have been amended to read that the test "shall not be given except where judicially ordered." Permission to test without consent could have been authorized explicitly, as the Alaska state legislature did in amending an implied consent law virtually identical to § 1202 after the supreme court construed the law to forbid testing after refusal. See *Pena v. State,* 684 P.2d 864 (Alaska 1984).

Although this Court has not addressed the precise issue now before it, we have repeatedly said that an operator has a right to refuse to submit to an evidentiary test. *State v. Carmody,* 140 Vt. 631, 635, 442 A.2d 1292, 1294 (1982); *State v. Baldwin,* 140 Vt. 501, 513, 438 A.2d 1135, 1141 (1981); *State v. Brean,* 136 Vt. 147, 152, 385 A.2d 1085, 1088 (1978); *State v. Welch,* 135 Vt. 316, 319, 376 A.2d

351, 353 (1977); *State v. Mastaler,* 130 Vt. 44, 47, 285 A.2d 776, 779 (1971); *State v. Muzzy,* 124 Vt. 222, 224, 202 A.2d 267, 269 (1964); *State v. Hedding,* 122 Vt. 379, 382, 172 A.2d 599, 601 (1961).

We agree with the courts in *Rossell v. City & Cty. of Honolulu,* 579 P.2d 663, 669 (Haw. 1978), and *State v. Van Reenan,* 355 A.2d 392, 395 (Me. 1976), that the Legislature determined that the State, when faced with a refusal to take a test, must forego the use of force to obtain a sample and should instead rely upon the imposition of sanctions to persuade imbibers to submit.

*Affirmed.*